Matthew Flinders, Esq.`
552 Victory Rd., N509
Quincy, MA  02171
Telephone: 617-699-3068
Email: mflinders@hotmail.com

FILED
IN CLERKS OFFICE

2024 NOV 22  PM 12: 47

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Matthew Flinders, individually.<br><br>    Plaintiff, Pro Se,<br>v.<br><br>STATE BAR OF CALIFORNIA,<br><br>    Defendant. | Civil Action No.:<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Matthew Flinders brings this action under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 et seq., the Massachusetts Fair Employment Practices Act (the "FEPA"), MGL Ch. 151B § et seq., the California Fair Employment and Housing Act (the "FEHA"), Cal. Gov. Code § 12900 et seq., and for deprivations of Constitutional rights under 42 U.S. Code § 1983, arising from its administration and oversight of discriminatory employment examinations.   The ADEA, FEPA, FEHA, and the U.S. Constitution prohibit employers from discriminating and interfering with the employment rights and privileges of individuals based arbitrarily on their age.

## INTRODUCTION

1. The State Bar of California ("State Bar"), which the U.S. Supreme Court characterizes as a "labor union," is one of the world's largest bar organizations and represents over 286,000 members in the practice of California law.  Revenue of the legal industry in California is estimated at about $46 billion.  Yet the State Bar effectively eliminates almost any possibility for individuals in excess of certain ages from joining their organization, including long-practicing attorneys from other states.

COMPLAINT

- 2 -

2. Defendant State Bar discriminated against prospective members and employees, including Plaintiff, of the State Bar and other employers, through its practices and patterns of administering discriminatory employment examinations. These employment examinations, or so-called Attorney Licensing Examinations ("Examinations"), were utilized by Defendant State Bar on behalf of its members for making attorney employment decisions.

3. Based on State Bar records, the Examinations were scored in a manner that overwhelmingly favors passage of younger test takers over older test takers. For example, review of the Attorney Examinations' pass rate data demonstrate that individuals aged twenty-six (26) through twenty-nine (29) years of age passed these Examinations at a rate of sixty-three percent (63%) for the July 2019 exam and thirty-six percent (36%) for the February 2020 exam, while individuals aged about forty-nine (49) through fifty-four (54) years of age passed these exams at a rate of forty-eight one-hundredths of one percent (0.48%) and one and sixty-seven one hundredths of a percent (1.67%), respectively. Review of the Examinations' overall pass rate data demonstrates that the pass rates closely correlate to takers' ages.

4. In violation of the ADEA, FEPA, FEHA, and of the U.S. Constitution, Defendant administered the Examinations by which it all but eliminated opportunities by individuals of Plaintiff's age from entering the profession of California law practice, without a rational basis, and thereby interfered with their access to and "privileges of employment."

## RELATED CASES AND PROCEDURAL HISTORY

5. *Matthew Flinders v. State Bar of California*, Case No. 22-cv-04072-VKD, N.D. of California (dismissed without prejudice on Dec. 5, 2022 on the basis that the court lacked jurisdiction absent a petition seeking an admission decision review by the Supreme Court of

COMPLAINT

California). *Matthew Flinders v. State Bar of California*, Case No. 22-17014, 9th Cir. (dismissal without prejudice, affirmed on Feb. 2, 2024).

6. *Flinders v. State Bar*, Case No. 22-17014 (9th Cir.), was held in abeyance by the Ninth Circuit pending a ruling in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), which held that the State Bar "enjoys" sovereign immunity under the Eleventh Amendment, overruling decades of precedent in *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) and despite its recent decision denying such immunity to the Oregon State Bar in *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021).

7. The Ninth Circuit refused Plaintiff's requests that the numerous California State Bar members adjudicating these cases be recused in favor of non-conflicted (non-member) judges, in violation of Plaintiff's Due Process rights under the U.S. Constitution. *Caperton v. A. T. Massey Coal Co.*, 556 U.S. 868 (2009).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Petition for review of Admission Decisions re Matthew Flinders, Petition No. S281936, Supreme Court of California, Denied on October 25, 2023.

9. EEOC Charge of Discrimination No. 523-2024-03925, Notice of Right to Sue issued on August 26, 2024.

## PARTIES

10. Plaintiff Matthew Flinders, a natural person and resident of the city of Quincy in the Commonwealth of Massachusetts, born in 1969, brings this claim against Defendant.

11. Defendant State Bar, which receives its funding from its members, prospective member applicants, and from employment agencies around the world, including those residing or operating within Massachusetts, is an employer of 20 or more attorneys as defined under 29

COMPLAINT

U.S.C. § 630(b), a "labor organization" for its attorney members as defined under 29 U.S.C. § 630(e), and an employment agency on behalf of its attorney-employer members as defined under 29 U.S.C. § 630(c). Defendant State Bar does not receive funding from the State of California, nor is the State of California liable for the State Bar's debts. California Business and Professions Code § 6008.1 (a). The State Bar is headquartered in San Francisco, California.

12.    Defendant State Bar is an agent of the State of California, including the California Supreme Court, for which it examines and "certifies" applicants for licensure, each of which employs in excess of 20 attorneys as defined under 29 U.S.C. § 630(b).

## JURISDICTION AND VENUE

13.    After a Petition to review the State Bar's rejections of Plaintiff's admission applications was finally denied on October 25, 2023, Plaintiff timely filed a Charge of Discrimination against Defendant with the federal Equal Employment Opportunity Commission ("EEOC").

14.    This Court has subject matter jurisdiction and original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the cause of action arises under the ADEA and the U.S. Constitution, laws of the government of the United States.

15.    This Court has personal jurisdiction over the Defendant because the Defendant conducts business within this District, has substantial contacts within this District, and conduct giving rise to this action occurred within this District.

## FACTUAL ALLEGATIONS

16.    Defendant offers individuals residing in Massachusetts (and elsewhere) the opportunity to apply for membership and participate in their employment Examinations. At the ages of 50 and 51, Plaintiff participated in two of these Examination on and around July 30, 2019 ("July 2019 Examination") and February 25, 2020 ("February 2020 Examination"). Plaintiff

COMPLAINT

only learned later that Defendant arbitrarily and unlawfully evaluated examinees in a manner that closely correlated with examinee age and granted licensure (and employment qualifications in the practice of law) to younger examinees at overwhelmingly higher rates compared to older individuals in protected age categories (i.e., 40 years and older).  For example, based on records provided by Defendant State Bar, examinees of ages between about 49-54 passed the July 2019 Examination and February 2020 Examination at rates of about forty-eight one-hundredths of one percent (0.48%) and one and sixty-seven one hundredths of a percent (1.67%) while individuals aged about twenty-six (26) through twenty-nine (29) years of age were passed at rates of about sixty-three percent (63%) and (36%), respectively (see attached Exhibits A and B).

17.     Plaintiff Matthew Flinders is a 54-year-old attorney who has been licensed to practice law in the Commonwealth of Massachusetts and before the United States Patent and Trademark Office since 2006 and 2004, respectively.  In 2018, Plaintiff was offered an opportunity of employment at an intellectual property law firm located in the city of San Jose, California.  It was understood by Plaintiff and his prospective employers in Santa Clara County that Plaintiff would thereafter engage Defendant State Bar in order to obtain licensure to practice California law as an employee in the city of San Jose.

18.     State Bar Attorney Examinations ("Attorney Examinations") are offered to attorneys who have met certain educational requirements and have been licensed to practice law in jurisdictions outside of California (including Massachusetts) for a certain minimum period of time.  An Attorney Examination consists of the essay writing portion of the two-day State Bar Licensing Examination.  The two-day State Bar Licensing Examination includes a one-day multi-state multiple-choice examination ("MBE") provided and graded by the National

COMPLAINT

Conference of Bar Examiners ("NCBE"), and the one-day essay writing portion developed, administered, and graded by Defendant State Bar.

19.    Plaintiff partook in the one-day (essay only) Attorney Examinations of July 2019 and February 2020 based on his admission as an attorney in the Commonwealth of Massachusetts.

20.    Plaintiff, Plaintiff's former employers, and Plaintiff's professional colleagues in Massachusetts and California, and the general public received notice on or around November 15, 2019 and May 8, 2020 that Plaintiff failed to receive a passing score from the State Bar for the July 2019 Examination and February 2020 Examination, respectively.

21.    Defendant routinely engages with information technology (IT) specialists, data analysts, and so-called "psychometricians" to collect, analyze, and report data pertaining to the demographics of State Bar applicants, including their ages and the disparate demographic impact upon those applicants in the administration of past State Bar licensing examinations.

22.    With knowledge, intent, and authority of Defendant, the Examinations were caused to be unlawfully discriminatory towards Plaintiff and others in Plaintiff's protected age class.

23.    Plaintiff was subsequently told by his then-employer law firm in San Jose that his employment was being terminated as a consequence of not receiving a passing score on the Examinations.  Plaintiff's salary at this time exceeded $200,000 in annual compensation.

24.    Prior to partaking in the Examinations, Plaintiff and the general public were not made aware by Defendant of the extreme and unlawful discriminatory impact of the State Bar Attorney Examinations on examinees in Plaintiff's protected age class.

COMPLAINT

25.     Shortly after May 8, 2020, when Plaintiff learned he failed for a second time to receive a passing score for the February 2020 Examination, Plaintiff diligently sought further information from the State Bar regarding the circumstances surrounding his Examination scores. After repeated requests by Plaintiff pursuant to the California Public Records Act, Plaintiff eventually received, on July 7, 2020, anonymized records from the State Bar reflecting the combined Essay/MBE pass determinations and scaled/individual essay scores of the full July 2019 and February 2020 State Bar Examinations with respect to the ages (or birth years) of examinees ("State Bar Records").  Based on Plaintiff's analysis of these State Bar Records, Plaintiff discovered the extreme, arbitrary, and unlawful disparate impact of the Examinations exacted upon Plaintiff and others in Plaintiff's protected age category (see attached Exhibits A and B).

26.     In connection with partaking in the Examinations, Plaintiff paid Defendant State Bar $214.00 in application fees ("Application Fees"), $564.00 in "moral character" background check fees, $1,386.00 in fees for the July 2019 Examination and $1,215.00 in fees for the February 2020 Examination ("Examination Fees").  Defendant State Bar receives approximately $20 million in annual revenues from such fees.

27.     For purposes of preparing for the Examinations, Plaintiff paid BARBRI, a nationally recognized bar examination preparation educator, $2979.62, and paid Personal Bar Prep of Los Angeles, CA, a well-regarded California State Bar Examination preparation educator/tutor, $4,375.00, for study materials and tutoring services.

28.     Plaintiff engaged in over 300 hours of study and preparation for each of the July 2019 and February 2020 Examinations, hours of study that could have otherwise been dedicated to servicing clients as a Patent Attorney at a billing rate of $300 or more per hour.

COMPLAINT

29.    Prior to and after the July 2019 and February 2020 Examinations, Defendant represented and continues to falsely represent that the July 2019 and February 2020 Attorney Bar Examinations were scaled based on scores achieved in the corresponding national MBE portion of the full State Bar Licensing Examination ("MBE Scaling") purportedly in order to correlate the difficulty level and scoring of the Essay portion with the scoring of the MBE portion of the Examinations.  The State Bar falsely asserted that it would use and had used the scaling formula "Written Scale Score = [{(A – B) /C} x D] + E," where "A = the sum of the applicant's Grader assigned scores across all the essay and PT questions in the test, B = mean of these scores across all applicants, C = the standard deviation (i.e., spread) of these scores for all applicants, D = the standard deviation of all applicants' MBE scores, and E = the mean of their MBE scores." (see, e.g., http://www.calbar.ca.gov/Admissions/Examinations/California-Bar-Examination/Scaling).

30.    Based on State Bar Records, it is not statistically possible that the MBE Scaling process was applied in scoring the essays of the July 2019 and February 2020 Attorney Bar Examinations as represented by the State Bar.  Across each and every category of age group of the Records, the mean pass rates for "scaled" essay scores fall below, and in most cases well below, the mean pass rates of the combined MBE and "scaled" Essay scores, reflecting that the average scaled Essay scores of the July 2019 and February 2020 Attorney Examinations are well below what they would have been had the MBE Scaling process actually been implemented by Defendants and the State Bar.   Furthermore, had the MBE Scaling process been applied in scoring the Examinations, the correlation between overall MBE/Essay pass rates and Essay pass rates should be close to 1 and certainly no less than .95.  Based on State Bar Records, the correlation coefficient between combined MBE/Essay pass rates and Essay pass rates was

COMPLAINT

approximately .78 for the July 2019 Examination and approximately .74 for the February 2020 Examination, well below what is statistically possible had the MBE scaling process been applied.

31.    Based on State Bar Records, the essays of the July 2019 and February 2020 Examinations were scored utilizing an arbitrary and unreasonable measure of manual dexterity that overwhelmingly favored younger examinees over older examinees in protected age categories, and that had no reasonable or legitimate relationship to an assessment of "minimum competence to practice law as an entry level attorney."

32.    Plaintiff has met all of the requirements for admission as a member to Defendant State Bar and licensure to be employed in the practice of California law, other than the assignment of a passing score in one of the unlawfully administered July 2019 and February 2020 Attorney Bar Examinations in which the Plaintiff participated.

33.    Defendant State Bar was notified by Plaintiff of its unlawful and discriminatory practices in a certified letter of July 20, 2020.

34.    On or around February 24, 2021, with actual notice and knowledge of the extreme discriminatory impact of the Examinations on applicants in protected age categories, Defendant State Bar implemented a program that grants a path to licensure to past examinees who achieved a lowered "scaled" "cut score" of 1390 on past State Bar Attorney Licensing Examinations ("Cut Score Program"), including the July 2019 and February 2020 Examinations that Plaintiff partook in.  In its administration of the Cut Score Program, Defendants knowingly re-asserted the same scoring/scaling process that failed to follow the MBE Scaling process and furthered the unlawful discrimination exacted on Plaintiff in the original administration of the Examinations.

35.    Based on analysis of the Records provided by Defendant State Bar, the Cut Score Program heightens and furthers the unlawful age-based discrimination of the original

COMPLAINT

administration of the July 2019 and February 2020 Examinations by increasing the differences in pass rates of younger examinees even more widely compared to examinees in Plaintiff's protected age category (see attached Exhibits A and B).

36.    On or around November 17, 2020, Defendant State Bar implemented another program that grants only newly graduated law students provisional licensure to practice California Law without a requirement for passing a State Bar Licensing Examination ("New Graduate Program") and requires these inexperienced new graduates to be employed by the State Bar's members.  The New Graduate Program was overwhelmingly restricted to younger applicants to Defendant State Bar and was not available to Plaintiff and to the vast majority of otherwise qualified individuals in protected age categories.

37.    The unlawfully discriminatory administration of the Examinations and implementation of the New Graduate and Cut Score Programs, and their provisions for mandatory employment by State Bar members, undoubtedly decrease costs and increase profits for employer State Bar members that Defendants represent in comparison to otherwise compelling employer State Bar members to employ and/or compete with the many older, experienced attorney applicants that Defendants unlawfully discriminate against.  The discriminatory administration of the Examinations further unjustly enriches Defendant with proceeds from repeated and overwhelmingly futile Examination attempts by State Bar applicants in protected age categories around the country, including those of Plaintiff.  This unjust profiteering and monopolizing by Defendant and its members comes at the substantial expense of Plaintiff, many qualified State Bar applicants in Massachusetts and elsewhere, and of the general public that Defendant purports to protect.

COMPLAINT

38.    Defendant State Bar has been designated by the U.S. Supreme Court as a "labor union" acting on behalf of its members (*Keller v. State Bar of California*, 496 U.S. 1 (1990)) and is a "labor organization" under U.S.C. 29 U.S. Code § 630 (d) as being one of "any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment."   Defendant State Bar also qualifies as a "labor organization" under the Massachusetts Fair Employment Practices Act (FEPA) because it is an "organization which exists and is constituted for the purpose, in whole or in part, of collective bargaining or of dealing with employers concerning grievances, terms or conditions of employment, or of other mutual aid or protection in connection with employment." Massachusetts General Laws (MGL) Ch. 151B § 1.

39.    Defendant State Bar "certifies" and refers applicants for licensure by the Supreme Court of California, and oversees by whom attorneys in the practice of California law receive employment referrals, and receives fees from employment referral agencies for doing so. https://www.calbar.ca.gov/Public/Need-Legal-Help/Certified-Lawyer-Referral-Services-Directory.

40.    Defendant State Bar is an "employment agency" under 29 U.S. Code § 630 (c) because it engages in the "undertaking with or without compensation to procure employees for an employer and includes an agent of such a person" and under MGL Ch. 151B § 1 as it engages in an "undertaking to procure employees or opportunities to work" by selectively procuring a steady stream of younger employees for its employer State Bar members while effectively

COMPLAINT

barring older, more experienced employees from other states entering the workforce in the practice of California law.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## DISCRIMINATION UNDER THE ADEA (29 U.S.C. § 623 (a) (1))

41.    Plaintiff incorporates and re-alleges every allegation set forth in foregoing paragraphs.

42.    Defendant State Bar is an employer of attorneys under 29 U.S. Code § 630 (b).

43.    Under the ADEA, 29 U.S.C. § 623 (a) (1) and § 630 (a)-(b), it is unlawful for an employer (or any "agent" of the employer or of a State, on behalf of the employer) to "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

44.    Defendant State Bar, as an employer and as an agent of its employer State Bar members and of the State of California, discriminated against Plaintiff by requiring Plaintiff, as a prospective attorney employee, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages (40 and older) as a condition of employment. Defendant employer State Bar further discriminated against Plaintiff by effectively eliminating Plaintiff's access to employment in the practice of California law under any employer based on his age, thereby interfering with Plaintiff's "privileges of employment."

## SECOND CAUSE OF ACTION

## DISCRIMINATION UNDER THE ADEA (29 U.S.C. § 623 (b))

COMPLAINT

- 12 -

45.     Plaintiff incorporates and re-alleges every allegation set forth in foregoing paragraphs.

46.     Defendant is a labor organization under the ADEA, 29 U.S.C. § 630 (d) (see supra ¶ 38).

47.     Under the ADEA, 29 U.S.C. § 623 (d), it is unlawful for a labor organization "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age" or "to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age."

48.     Defendant, as a labor organization, discriminated against Plaintiff by requiring Plaintiff, as a prospective State Bar member, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages as a condition of membership and denying Plaintiff employment referrals and opportunities based on his age.

## THIRD CAUSE OF ACTION

## <u>DISCRIMINATION UNDER THE ADEA (29 U.S.C. § 623 (b))</u>

49.     Plaintiff incorporates and re-alleges every allegation set forth in foregoing paragraphs.

50.     Defendant is an employment agency under the ADEA, 29 U.S.C. § 630 (c).

51.     Under the ADEA, 29 U.S.C. § 623 (b), it is unlawful for an employment agency to "to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age."

52.     Defendant, as an employment agency, discriminated against Plaintiff by requiring Plaintiff, as a prospective employee of its employer members and of the State of California, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages as a condition of employment and receiving employment referrals.

COMPLAINT

- 13 -

## FOURTH CAUSE OF ACTION

### DISCRIMINATION UNDER THE FEPA (M.G.L. 151B, § 4(1B))

53.    Plaintiff incorporates and re-alleges every allegation set forth in the foregoing paragraphs.

54.    Defendant falls under the meaning of an "employer" under MGL 151B. § 1.

55.    Defendant maintains discriminatory policies, patterns, and/or practices that have an adverse impact on applicants and prospective employees ages 40 and older in violation of MGL 151B and are not, and cannot be, justified by "business necessity."

56.    Defendant discriminated against Plaintiff by requiring Plaintiff, as a prospective member and employee in the practice of California law, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages as a condition of employment.

## FIFTH CAUSE OF ACTION

### VIOLATION OF EQUAL PROTECTION
### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

57.    Plaintiff incorporates and re-alleges every allegation set forth in the foregoing paragraphs.

58.    Defendant's Examinations that effectively prohibit Plaintiff and other individuals of certain ages from employment in the practice of California law violate the Equal Protection Clause of the Fourteenth Amendment because they discriminate against a specific group (individuals exceeding certain ages) without a rational basis, effectively denying them the same rights to employment as other, younger citizens.

59.    Defendant's discrimination is unlawfully conducted with knowledge and intent to deny equal opportunities to employment by those exceeding certain ages for the pecuniary benefit of its own long-standing members.

## SIXTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS
### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

COMPLAINT

- 14 -

60.     Plaintiff incorporates and re-alleges every allegation set forth in the foregoing paragraphs.

61.     Defendant's Examinations deny the fundamental rights of Plaintiff to obtain employment and to contract with others based arbitrarily on his age, without a legitimate governmental interest, and therefore violate Plaintiff's substantive Due Process rights under the Fourteenth Amendment.

62.     Defendant's denial of fundamental rights to those exceeding certain ages is unlawfully conducted with knowledge and intent for the pecuniary benefit of its own long-standing members.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF PRIVILEGES AND IMMUNITIES
### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

63.     Plaintiff incorporates and re-alleges every allegation set forth in the foregoing paragraphs.

64.     Defendant's Examinations deny the fundamental rights of Plaintiff and others to contract, based arbitrarily on their ages without a compelling governmental interest, and thereby violate Plaintiff's Privileges and Immunities under the Fourteenth Amendment.

65.     Defendant's denial of fundamental rights to those exceeding certain ages is unlawfully conducted with knowledge and intent for the pecuniary benefit of its own long-standing members.

## EIGHTH CAUSE OF ACTION

## DISCRIMINATION UNDER THE FEHA (Cal. Gov. Code §§ 12944 (a) and (c))

66.     Plaintiff incorporates and re-alleges every allegation set forth in the foregoing paragraphs.

67.     Defendant State Bar is a "licensing board" under FEHA, Cal. Gov. Code § 12944 because Defendant State Bar is a licensing board and agency in California that "has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status."

68.     Under the FEHA, Cal. Gov. Code § 12944 (a), it is unlawful for a licensing board to "require any examination or establish any other qualification for licensing that has an adverse

COMPLAINT

impact on any class by virtue of its race, creed, color, national origin,...,[or] age,..., unless the practice can be demonstrated to be job related."

69.    Under § 12944 (c),  it "shall be unlawful for any licensing board, unless specifically acting in accordance with federal equal employment opportunity guidelines or regulations approved by the commission, to print or circulate or cause to be printed or circulated any publication, or to make any non-job-related inquiry, either verbal or through use of an application form, which expresses, directly or indirectly, any limitation, specification, or discrimination as to race, religious creed, color, national origin,...., [or] age,..."

70.    Defendant, as a licensing board under Cal. Gov. Code § 12944, discriminated against Plaintiff by administering a licensing examination to Plaintiff and other examinees that overwhelmingly favored younger examinees over older examinees (of ages 40 and older) and caused the publication of examination results that implied Plaintiff and other examinees lacked "minimum competency" to practice law as an "entry level attorney" based on their ages.

## REQUEST FOR RELIEF

Wherefore, Plaintiff Mr. Flinders respectfully requests the Court for the following:

A.    Enter judgement in his favor and against Defendant, State Bar of California;

B.    Declare the acts and practices of complained of herein are in violation of Plaintiff's rights as secured by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., the Massachusetts Fair Employment Practices Act, Ch. 151B § et seq., the California Fair Employment and Housing Act (the "FEHA"), Cal. Gov. Code § 12900 et seq., and for deprivations of Constitutional rights under 42 U.S. Code § 1983;

C.    Enjoin Defendant from engaging in such unlawful employment practices;

D.    Award of back pay and benefits, including salary increases, commissions, bonuses, vacation pay, health insurance, and job search costs, with interest on the same running until the date a final judgement is entered for him.

COMPLAINT

E.     Award of damages for fees and costs associated with Defendant's discriminatory employment Examinations, including application and examination fees, examination preparation costs, and other associated costs;

F.     Award of monetary damages, including compensatory damages for emotional distress and other injuries;

G.     Punitive damages;

H.     Prejudgment interest;

I.     Costs to the extent provided for by law, including attorneys' fees and expert witness fees, and costs;

J.     An order awarding Mr. Flinders such other relief as deemed just and proper.

DATED:  November 22, 2024

Matthew Flinders
Plaintiff Pro Se (BBO # 665520)

COMPLAINT

- 17 -