UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW FLINDERS, Indv.,
        *pro se* Plaintiff,

VS.

CA NO. 24-cv-12919-JEK

STATE BAR OF CALIFORNIA
        Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF THE STATE BAR OF CALIFORNIA'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND AND PROCEDURAL HISTORY ......................................... 2

      A.     The State Bar Is the Administrative Arm of the California Supreme Court in Matters of Attorney Admissions and Licensing. .................................................... 2

      B.     Plaintiff Fails to Pass the Attorneys' Exam After Two Attempts. ........................ 3

      C.     Plaintiff's Prior Federal and State Lawsuits Challenging His Nonadmission ....... 3

      D.     Plaintiff's District of Massachusetts Action .......................................................... 5

III.    ARGUMENT ...................................................................................................... 6

      A.     Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) Because This Court Lacks Personal Jurisdiction Over the State Bar. ................. 6

            1.     Plaintiff Cannot Establish General Jurisdiction. ........................................ 7

            2.     Plaintiff Also Cannot Establish Specific Jurisdiction. ............................... 8

      B.     This Court Should Dismiss Under Rule 12(b)(3) Because Venue is Improper. ... 10

      C.     The Complaint Should Be Dismissed Without Leave to Amend Under Rule 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction. ....................... 10

            1.     The Eleventh Amendment Bars Plaintiff's Suit Against the State Bar. .. 10

            2.     The *Rooker-Feldman* Doctrine Precludes Federal Jurisdiction. .............. 11

      D.     The Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted. ............................ 13

            1.     Plaintiff's Claims Are Time-Barred. ........................................................ 13

            2.     Plaintiff's Claims Are Barred by Doctrine of Res Judicata. .................... 14

            3.     Plaintiff's Causes of Action Otherwise Fail to State a Claim for Relief . 16

                  a.     Plaintiff Fails to State a Claim Under the ADEA. ....................... 16

                  b.     Plaintiff Fails to State a Claim Under FEHA. .............................. 18

                  c.     Plaintiff Fails to State a Claim Under the Massachusetts Fair Employment Practices Act. .......................................................... 19

i

    4.     Plaintiff's Claims Brought Under 42 U.S.C. Section 1983 All Fail. ....... 19

IV.    CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*A Corp. v. All Am. Plumbing, Inc.*
  812 F.3d 54 (1st Cir. 2016) .................................................................................... 7

*Adamson v. Walgreens Co.*
  750 F.3d 73 (1st Cir. 2014) .................................................................................. 19

*Airframe Sys., Inc. v. Raytheon Co.*
  601 F.3d 9 (1st Cir. 2010) .................................................................................... 15

*Amyndas Pharms., S.A. v. Zealand Pharma A/S*
  48 F. 4th 18 (1st Cir. 2022) .................................................................................. 20

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*
  571 U.S. 49 (2013) ................................................................................................ 10

*Aung v. Prettenhoffer*
  544 F. Supp. 3d 173 (D. Mass. 2021) ................................................................. 19

*Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*
  825 F.3d 28 (1st Cir. 2016) ............................................................................... 7, 8

*Beck v. Bedigian*
  2023 WL 2743295 (D. Mass. Mar. 31, 2023) ...................................................... 8

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ........................................................................................ 13, 19

*Boroian v. Mueller*
  616 F.3d 60 (1st Cir. 2010) .................................................................................. 13

*Brown v. Bd. of Bar Examiners of State of Nev.*
  623 F.2d 605 (9th Cir. 1980) ............................................................................... 12

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462 (1985) ................................................................................................ 9

*Calderon–Serra v. Wilmington Trust Co.*
  715 F.3d 14 (1st Cir. 2013) .................................................................................. 10

*California. See PREP Tours, Inc. v. Am. Youth Soccer Org.*
  913 F.3d 11 (1st Cir. 2019) .................................................................................... 9

*Camacho v. Puerto Rico Ports Authority*
  369 F.3d 570 (1st Cir. 2004) ............................................................................... 16

*Chaney v. State Bar of Cal.*
  386 F.2d 962 (9th Cir. 1967) ................................................................................. 2

*Cocuzzo v. Trader Joe's E. Inc.*
   121 F. 4th 924 (1st Cir. 2024)................................................................ 19

*Cooper v. Ramos*
   704 F.3d 772 (9th Cir. 2012) ................................................................ 12

*Coors Brewing Co. v. Mendez-Torres*
   562 F.3d 3 (1st Cir. 2009)..................................................................... 15

*Copia Commc'ns, LLC v. AMResorts, L.P.*
   812 F.3d 1 (1st Cir. 2016)....................................................................... 8

*Cordis Corp. v. Cardiac Pacemakers*
   599 F.2d 1085 (1st Cir. 1979)............................................................... 10

*Cruz Berrios v. Gonzalez-Rosario*
   630 F.3d 7 (1st Cir. 2010) ..................................................................... 14

*Daimler AG v. Bauman*
   571 U.S. 117 (2014)................................................................................ 8

*Daly v. Mason*
   2024 WL 4425628 (D. Mass. Sept. 30, 2024) ...................................... 11

*Davis v. Massachusetts*
   2014 WL 3965182 (D. Mass. Aug. 12, 2014) ...................................... 11

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*
   290 F.3d 42 (1st Cir. 2002)..................................................................... 6

*District of Columbia Court of Appeals v. Feldman*
   460 U.S. 462 (1983)............................................................................. 12

*E.E.O.C. v Local 350, Plumbers and Pipefitters*
   842 F. Supp. 417 (D. Nev. 1994).......................................................... 17

*Edwards v. Radventures, Inc.*
   164 F. Supp. 2d 190 (D. Mass. 2001) .................................................... 7

*Feliciano-Hernández v. Pereira-Castillo*
   663 F.3d 527 (1st Cir. 2011).................................................................. 13

*Felix v. Morrissey*
   2025 WL 50298 (D. Mass. Jan. 8, 2025) ............................................. 14

*Figueroa v. City of Camden*
   580 F. Supp. 2d 390 (D. N.J. 2008) ..................................................... 17

*Flinders v. S. Ct. of California*
   2023 WL 2544575 (Cal. App. 6th Dist. Mar. 17, 2023)......................... 4

*Flinders v. State Bar of California*
   2022 WL 17419552 (N.D. Cal. Dec. 5, 2022) ....................................... 4

*Flinders v. State Bar of California*
2023 WL 8537342 (Cal. Ct. App. Dec. 11, 2023) ........................................ 1, 4

*Flinders v. State Bar of California*
2024 WL 398430 (9th Cir. Feb. 2, 2024) ............................................. 1, 4, 11

*Garcia v. United Parcel Serv., Inc.*,
2025 WL 490805 (D. Mass. Feb. 13, 2025) ................................................ 14

*Giragosian v. Ryan*
547 F.3d 59 (1st Cir. 2008) .................................................................. 3, 14, 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
564 U.S. 915 (2011) ...................................................................................... 7

*Gordo-González v. United States*
873 F.3d 32 (1st Cir. 2017) .......................................................................... 10

*Haddock v. Bd. of Dental Examiners of Cal.*
777 F.2d 462 (9th Cir. 1985) ........................................................................ 16

*Hill v. New York City Bd. of Educ.*
808 F. Supp. 141 (E.D.N.Y. 1992) ............................................................... 18

*In re Colonial Mortgage Bankers Corp.*
324 F.3d 12 (1st Cir. 2003) ............................................................................ 3

*In re Rose*
22 Cal. 4th 430 (2000) ...................................................................... 2, 15, 18

*Int'l Shoe Co. v. Washington*
326 U.S. 310 (1945) ........................................................................................ 7

*Keller v. State Bar of California*
496 U.S. 1 (1990) .......................................................................................... 17

*Kimel v. Florida Bd. of Regents*
528 U.S. 62 (2000) ........................................................................................ 11

*Kohn v. State Bar of Cal.*
497 F. Supp. 3d 526 (N.D. Cal. 2020) ......................................................... 19

*Kohn v. State Bar of California*
87 F. 4th 1021 (9th Cir. 2023) ................................................................. 10, 11

*Kokkonen v. Guardian Life Ins. Co.*
511 U.S. 375 (1994) ...................................................................................... 10

*Kuan Chen v. United States Sports Acad., Inc.*
956 F.3d 45 (1st Cir. 2020) ............................................................................ 7

*Kuan Cheng v. United States Sports Acad., Inc.*
2019 WL 1207863 (D. Mass. Mar. 14, 2019) ............................................. 7, 9

*Levin v. Com. Energy, Inc.*
    560 U.S. 413 (2010) ................................................................................. 15

*Morrissey v. Massachusetts*
    No. CV 18-11386-MBB, 2022 WL 1463051 (D. Mass. May 9, 2022) ........... 19

*Mulero-Carrillo v. Roman-Hernandez*
    790 F.3d 99 (1st Cir. 2015) ....................................................................... 20

*Murray v. Alaska Airlines, Inc.*
    50 Cal. 4th 860 (2010) ............................................................................... 15

*Pell v. Nuñez*
    99 F. 4th 1128 (9th Cir. 2024) ..................................................................... 2

*Pennhurst State School & Hospital v. Halderman*
    465 U.S. 89 (1984) .................................................................................... 10

*People v. Barragan*
    32 Cal. 4th 236 (2004) ............................................................................... 14

*Phillips v. Prairie Eye Ctr.*
    530 F.3d 22 (1st Cir. 2008) .......................................................................... 9

*Pollock v. Tri-Modal Distribution Servs., Inc.*
    11 Cal. 5th 918 (2021) ............................................................................... 14

*Quern v. Jordan*
    440 U.S. 332 (1979) .................................................................................. 11

*Rodi v. S. New England Sch. of Law*
    389 F.3d 5 (1st Cir. 2004) .......................................................................... 13

*Sawtelle v. Farrell*
    70 F.3d 1381 (1st Cir. 1995) ..................................................................... 8, 9

*Scottsdale Capital Advisors Corp. v. The Deal*, LLC
    887 F.3d 17 (1st Cir. 2018) .......................................................................... 8

*Sup. Ct. of N.H. v. Piper*
    470 U.S. 274 (1985) .................................................................................. 20

*Takahashi v. Bd. Of Ed. Of Livingston Union Sch. Dist.*
    202 Cal. App. 3d 1464 (Cal. 1988) ............................................................. 14

*Ticketmaster-N.Y., Inc. v. Alioto*
    26 F.3d 201 (1st Cir. 1994) .......................................................................... 9

*Torres–Alamo v. Puerto Rico*
    502 F.3d 20 (1st Cir.2007) ......................................................................... 10

*Tyler v. Supreme Judicial Court of Massachusetts*
    914 F.3d 47 (1st Cir. 2019) ........................................................................ 11

United States v. Georgia
    546 U.S. 151 (2006) .............................................................................. 11

*United States v. Mercado*
    412 F.3d 243 (1st Cir. 2005) ................................................................ 13

*United States v. Swiss Am. Bank, Ltd.*
    274 F.3d 610 (1st Cir. 2001) .................................................................. 7

*Vernon v. State of Cal.*
    116 Cal. App. 4th 114 (2004) ............................................................... 18

*Warner v. Amgen Inc.*
    2025 WL 490720 (D. Mass. Feb. 13, 2025) ....................................... 20

*Will v. Michigan Dep't of State Police*
    (1989) 491 U.S. 58 ............................................................................... 19

*Wilson v. Brown*
    889 F.2d 1195 (1st Cir. 1989) .............................................................. 19

*Wolverine Proctor & Schwartz, Inc. v. Aeroglide Corp.*
    394 F. Supp. 2d 299 (D. Mass. 2005) ................................................... 9

*Woodard v. Virginia Bd. of Bar Examiners*
    598 F.2d 1345 (4th Cir. 1979) .............................................................. 16

**Statutes**

28 U.S.C. § 1406 ........................................................................................ 10

28 U.S.C. § 1738 ........................................................................................ 14

29 U.S.C. § 623 ................................................................................ 5, 16, 17

29 U.S.C. § 626 ........................................................................................ 14

29 U.S.C. § 630 ........................................................................................ 17

29 U.S.C. §§ 621–634 ................................................................................. 4

42 U.S.C. § 1983 ............................................................................ 1, 11, 20

Cal. Bus. & Prof. Code § 6001 ............................................................. 2, 19

Cal. Bus. & Prof. Code § 6001.1 ............................................................. 17

Cal. Bus. & Prof. Code § 6002 ................................................................. 17

Cal. Bus. & Prof. Code § 6046 ................................................................... 2

Cal. Bus. & Prof. Code § 6060 ................................................................... 3

Cal. Bus. & Prof. Code § 6066 ................................................................. 12

Cal. Gov. Code § 12804 ......................................................................................... 18

Cal. Gov. Code § 12940 ......................................................................................... 18

Cal. Gov. Code § 12944 ...................................................................................... 5, 18

Cal. Gov. Code §§ 12900–12999 ............................................................................. 4

M.G.L. 151B § 4 ...................................................................................................... 5

Mass. Gen. Laws ch. 223A § 3 ................................................................................ 7

**Rules**

Cal. Rules of Court, rule 9.13 ................................................................................ 12

Cal. Rules of Court, rules 9.3-9.6 ............................................................................ 2

Fed. R. Civ. P. 12 .......................................................................................... passim

Fed. R. Civ. P. 8 ................................................................................................... 13

**Other Authorities**

2022 Cal. Legis. Serv. Ch. 452 (S.B. 1498) (filed Sept. 19, 2022) ......................... 18

Massachusetts Fair Employment Practices Act ................................................... 1, 19

**Constitutional Provisions**

Cal. Const., art. VI, § 9 ........................................................................................... 2

## I.    INTRODUCTION

After two failed attempts at suing the State Bar of California ("State Bar") in California state and federal courts, Matthew Flinders ("Plaintiff"), is now suing the State Bar in this Court, asserting the same previously dismissed claims regarding the State Bar's purported discriminatory administration of the California Bar Exam ("Attorneys' Exam"). In his prior lawsuits, Plaintiff asserted violations, *inter alia*, of the Age Discrimination in Employment Act ("ADEA"), and the California Fair Employment and Housing Act ("FEHA"). *See Flinders v. State Bar of California*, 2023 WL 8537342, at *1 (Cal. Ct. App. Dec. 11, 2023. The California Court of Appeal affirmed the trial court's judgment of dismissal on the grounds that the California Supreme Court had jurisdiction over admissions matters and that the State Bar was immune from Plaintiff's claims in any event. *See Flinders,* 2023 WL 8537342, at *1. The Ninth Circuit likewise affirmed the District Court's dismissal of Plaintiff's complaint on the ground that the court lacked subject matter jurisdiction due to the State Bar's immunity under the Eleventh Amendment. *See Flinders v. State Bar of California*, 2024 WL 398430, at *1-2 (9th Cir. Feb. 2, 2024). In addition to his failed attempts at bringing suit against the State Bar, the California Supreme Court rejected Plaintiff's petition that sought reversal of the State Bar's decision to not certify him for admission to the practice of law.  Undeterred, Plaintiff filed a petition for writ of certiorari challenging the California Supreme Court's summary denial of his petition. The United States Supreme Court denied his petition. *Flinders v. State Bar of California*, 144 S. Ct. 826 (2024).

Disregarding that his claims have already been fully litigated in his state and federal actions, Plaintiff in this lawsuit realleges ADEA and FEHA claims and newly alleges claims under the Massachusetts Fair Employment Practices Act (FEPA) and 42 U.S.C. § 1983. Plaintiff's attempt to relitigate these claims through forum shopping should not be allowed. For multiple independently dispositive reasons, the Court should dismiss this action without leave to amend. First, this Court lacks personal jurisdiction over the State Bar and the venue is improper. Plaintiff does not (and cannot) allege that the State Bar, a *California* state regulatory agency, which Plaintiff sues based on an examination administered in *California*, has continuous and

systematic contacts in Massachusetts or that it engaged in any activity in Massachusetts giving rise to this suit. The absence of personal jurisdiction and improper venue alone require dismissal of Plaintiff's claims. Even assuming this Court has personal jurisdiction and that venue were proper, it nonetheless lacks subject matter jurisdiction because the State Bar continues to enjoy sovereign immunity with respect to Plaintiff's claims. Additionally, the *Rooker-Feldman* doctrine precludes federal jurisdiction because this lawsuit improperly challenges final judgments rendered by the California Supreme Court. Should Plaintiff overcome these several jurisdictional hurdles, the Complaint should still be dismissed because it fails to state a claim upon which relief can be granted.

## II.    BACKGROUND AND PROCEDURAL HISTORY

### A.    The State Bar Is the Administrative Arm of the California Supreme Court in Matters of Attorney Admissions and Licensing.

The State Bar is a state constitutional entity and a public corporation; it operates as an administrative arm of the California Supreme Court in attorney admissions, licensing, discipline, and regulation. Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re Rose*, 22 Cal. 4th 430, 438 (2000). As part of its role as the administrative arm of the California Supreme Court, the State Bar and its Committee of Bar Examiners ("CBE") administer the requirements for admission and certify to the California Supreme Court for admission those applicants who fulfill the admission requirements. Cal. Bus. & Prof. Code § 6046; Cal. Rules of Court, rules 9.3-9.6. "Neither the State Bar of California nor its Board of Governors nor its Committee of Bar examiners has any power to grant or to deny admission to the bar. That power is vested in the California Supreme Court alone." *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967); *see also Pell v. Nuñez*, 99 F. 4th 1128, 1131–32 (9th Cir. 2024).

The State Bar has two offices in California, one in Los Angeles and another in San Francisco. *See* https://www.calbar.ca.gov/About-Us.[1] The State Bar does not pay taxes in Massachusetts, has no registered agent in Massachusetts, and has no Massachusetts telephone number or address. Furthermore, the State Bar does not actively solicit business in Massachusetts.

The State Bar administers the California Bar Exam, which applicants must pass to become licensed attorneys in California. Cal. Bus. & Prof. Code § 6060(g). Examinees who are licensed in good standing in other states for at least four years immediately preceding the exam may take the Attorneys' Exam, which consists only of day one of the two-day Bar Exam.

### B.    Plaintiff Fails to Pass the Attorneys' Exam After Two Attempts.

Plaintiff is a 54-year-old attorney licensed in Massachusetts who resides in Massachusetts. Compl. ¶ 17. Plaintiff alleges that in 2018, he was offered a job with a law firm in San Jose, California, and subsequently moved to Santa Clara County to pursue that opportunity. *Id*. Plaintiff alleges he was required to obtain a California law license as a condition of employment. *Id*. Plaintiff took the Attorneys' Exam in July 2019 and February 2020 and was unsuccessful on both attempts. Compl. ¶¶ 16, 20. Plaintiff alleges that his employment with the San Jose law firm was subsequently terminated. Compl. ¶ 23.

### C.    Plaintiff's Prior Federal and State Lawsuits Challenging His Nonadmission

On April 1, 2022, Plaintiff filed a lawsuit in the Superior Court of the State of California that alleged various tort claims arising from his inability to pass the Attorneys' Exam in 2019 and 2020, the resulting termination of his employment in California, and the State Bar's purported discriminatory administration of the test. *See* Motion to Dismiss ("MTD") Exhibit A (Complaint, Superior Court Case No. 22CV397095, filed April 1, 2022).[2] As in this case, Plaintiff's theory in

---

[1] A court may consider "matters of public record, and other matters susceptible to judicial notice," in resolving a motion to dismiss. *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (quoting *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003)).

[2] Plaintiff's state court complaint asserted the following causes of action: (1) breach of contract, (2) interference with contractual relations, (3) intentional/fraudulent misrepresentation, (4)

his 2022 state case was that the State Bar "arbitrarily and unlawfully evaluated examinees in a manner that closely correlated with examinee age and granted licensure (and employment prospects in the practice of law) to younger examinees at overwhelmingly higher rates compared to older individuals in protected age categories (i.e., 40 years and older)." *Id.* at ¶ 9. The court issued an order sustaining the State Bar's demurrer without leave to amend on September 14, 2022. *See* MTD, Exhibit B (Order, Superior Court Case No. 22CV397095, filed September 15, 2022). Plaintiff appealed the trial court's ruling, and on December 11, 2023, the California Court of Appeal affirmed dismissal. *See Flinders v. State Bar of California*, 2023 WL 8537342, at *1 (Cal. Ct. App. Dec. 11, 2023).[3]

Within months of filing his state court action, on July 12, 2022, Plaintiff filed a federal complaint in the U.S. District Court for the Northern District of California premised on the same factual allegations as the state court action, and the same allegations as contained in the instant complaint. *See* MTD, Exhibit C (Complaint, Civil Action No. 5:22-cv-04072-VKD). Specifically, he brought three causes of action under the ADEA, 29 U.S.C. §§ 621–634, and four under the FEHA, Cal. Gov. Code §§ 12900–12999. On December 5, 2022, the District Court dismissed Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) without leave to amend. *See Flinders v. State Bar of California*, 2022 WL 17419552, at *1 (N.D. Cal. Dec. 5, 2022). A year later,  the Ninth Circuit affirmed the dismissal, holding that the State Bar has sovereign immunity from Plaintiff's suit. *See Flinders v. State Bar of California*, 2024 WL 398430, at *1 (9th Cir. Feb. 2, 2024).

While his appeals of the dismissals in his state and federal actions were pending, on September 21, 2023, Plaintiff filed a writ of mandate challenging the State Bar's decision to not certify him for admission because he had not satisfied the admission requirements (namely, passing

---

interference with prospective economic advantage, (5) false light defamation, (6) intentional infliction of emotional distress, and (7) negligence.

[3] Plaintiff also filed suit against the California Supreme Court, and that case was also dismissed. *See Flinders v. S. Ct. of California,* 2023 WL 2544575, at *1 (Cal. App. 6th Dist. Mar. 17, 2023).

the Attorneys' Exam) with the California Supreme Court. *See* MTD, Exhibit D (Writ of Mandate).[4]

The State Bar submitted an informal response to Plaintiff's writ of mandate raising, among other

things, the untimeliness of Plaintiff's petition. *See* MTD, Exhibit E (State Bar's Informal Response

filed October 10, 2023). The California Supreme Court denied Plaintiff's writ of mandate on

October 25, 2023. *See* MTD, Exhibit F (Order Denying Petition for Writ of Mandate, Case No.

S281936). Dissatisfied with the California Supreme Court's denial of his petition, on January 23,

2024, Plaintiff filed a petition for a writ of certiorari with the United States Supreme Court. *See*

MTD, Exhibit G (Writ of Certiorari, Case No. 23-790). On February 20, 2024, the Supreme Court

denied Plaintiff's petition. *See Flinders*, 144 S. Ct. at 826; *See also* Motion to Dismiss, Exhibit H.

Plaintiff's prior state and federal court actions are referred hereto as the "California

actions."

### D.    Plaintiff's District of Massachusetts Action

On November 22, 2024, Plaintiff filed the instant action that, like the California actions,

continues to allege that the State Bar's Attorneys' Exam is discriminatory. Specifically, he asserts

eight causes of action against the State Bar: (1) discrimination under the ADEA (29 U.S.C. §

623(a)(1)); (2) discrimination under the ADEA (29 U.S.C. § 623(b)); (3) discrimination under the

ADEA (29 U.S.C. § 623(b)); (4) discrimination under the FEPA (M.G.L. 151B, § 4(1B)); (5)

violation of equal protection (Fourteenth Amendment); (6) violation of due process (Fourteenth

Amendment); (7) violation of privileges and immunities (Fourteenth Amendment); and (8)

discrimination under the FEHA (Cal. Gov. Code §§ 12944(a) and (c)). Plaintiff alleges that he

timely filed a Charge of Discrimination against the State Bar with the Equal Employment

Opportunity Commission ("EEOC") and that he received his Notice of Right to Sue letter on

August 26, 2024. Compl. ¶ 9.

Plaintiff generally alleges that the State Bar engaged in a practice of discriminating

against examinees over 40 years old. Compl. ¶¶ 16, 22, 25, 34-37. Plaintiff alleges the

---

[4] Although entered into the docket as a writ of mandate, Plaintiff's filing is essentially a petition
for review to the California Supreme Court of the State Bar's admission decision.

"[e]xaminations were caused to be unlawfully discriminatory towards Plaintiff and others in Plaintiff's protected age class." Compl. ¶ 22. In support of his complaint, Plaintiff provides his own statistical analysis regarding the full Bar Exam, not the Attorneys' Exam, which purportedly shows that younger examinees passed the July 2019 and February 2020 exams at a higher rate than older examinees. Compl. ¶¶ 3, 16, 25, 35, Exs. A & B. Plaintiff also alleges that the July 2019 and February 2020 Bar Exam and Attorneys' Exam were "scored using an arbitrary and unreasonable measure of manual dexterity that overwhelmingly favored younger examinees over older examinees" but fails to identify any facts in support of this contention. Compl. ¶ 31.

Plaintiff also alleges that two "programs" adopted by the California Supreme Court and administered by the State Bar during the COVID-19 pandemic discriminated against older examinees. Compl. ¶¶ 34-37. Plaintiff refers to these "programs" as the "Cut Score Program" and the "New Graduate Program." *Id*. Plaintiff alleges the "Cut Score Program," which created an alternative pathway to licensure for examinees who received a score of 1390 or higher on past Bar Exams and Attorneys' Exams, "furthered the unlawful age-based discrimination" of past exams by "increasing the differences in pass rates" between younger examinees and examines over the age of 40. Compl. ¶ 35. Plaintiff, however, fails to articulate a causal connection between examinee age and pass rates. With respect to the "New Graduate Program," which provided 2020 law school graduates the opportunity to become provisionally licensed prior to taking and passing the Bar Exam, Plaintiff alleges that the program is "overwhelmingly restricted to younger applicants" but fails to allege any facts demonstrating that examinees over 40 years old have been excluded from the program. Compl. ¶ 36.

## III.    ARGUMENT

### A.    Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) Because This Court Lacks Personal Jurisdiction Over the State Bar.

Plaintiff has not met his initial burden of establishing this Court's personal jurisdiction over the State Bar. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). To establish personal jurisdiction, Plaintiff must show that the Court's

exercise of personal jurisdiction over the State Bar satisfies the requirements of both the
Fourteenth Amendment's Due Process Clause and the Massachusetts long-arm statute, Mass. Gen.
Laws ch. 223A, § 3. *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34
(1st Cir. 2016). The Due Process Clause requires that a defendant "have certain minimum contacts
with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of
fair play and substantial justice.' " *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316
(1945)). The Massachusetts long-arm statute requires that the plaintiff demonstrate the defendant
transacted business in Massachusetts, and that their cause of action arose out of the defendant's
transaction of such business. *Edwards v. Radventures, Inc.*, 164 F. Supp. 2d 190, 194 (D. Mass.
2001). Recognizing the similarity of the jurisdictional requirements between the two provisions,
the First Circuit has in some cases directly undertaken a constitutional analysis where, as here, the
"modest difference between these requirements" is immaterial because a plaintiff cannot establish
the requisite minimal contacts under either. *See Baskin Robbins, supra,* 825 F.3d at 34; *see also
Kuan Cheng v. United States Sports Acad., Inc.*, 2019 WL 1207863, at *4 (D. Mass. Mar. 14,
2019), *aff'd sub nom. Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45 (1st Cir. 2020).
Under the Due Process Clause, a defendant is subject to the personal jurisdiction of a state if it can
be shown that either general jurisdiction or specific jurisdiction applies. *Id.*

When a court considers a Rule 12(b)(2) motion without holding an evidentiary hearing,
"that court applies the prima facie standard," which requires that the plaintiff present evidence of
specific facts to demonstrate jurisdiction exists. *See United States v. Swiss Am. Bank, Ltd.*, 274
F.3d 610, 618 (1st Cir. 2001); *see also A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st
Cir. 2016) (citation omitted). Plaintiff fails to make the necessary showing here.

### 1.    Plaintiff Cannot Establish General Jurisdiction.

"A court may assert general jurisdiction over foreign [state] corporations to hear any and
all claims against them when their affiliations with the State are so 'continuous and systematic'
as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations,
S.A. v. Brown*, 564 U.S. 915, 919 (2011). To be "at home" in a foreign state, a corporation must

have affiliations with that state so substantial that it is "comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 134 n.11 (2014). The Supreme Court has indicated that such jurisdiction will exist only in the "exceptional case." *See id.* at 139 n.19.

This lawsuit does not present such an exceptional case. Here, Plaintiff himself admits that the State Bar is headquartered in California. Compl. at ¶ 11. Plaintiff otherwise does not (and cannot) allege that the State Bar engages in any systematic or continuous contacts of any kind with Massachusetts, let alone the type of contacts that usually subject a nonresident defendant to general jurisdiction in a state such as sales or solicitations to or any sort of approximation of a physical presence in the state. Thus, this Court's general jurisdiction cannot be established.

### 2. Plaintiff Also Cannot Establish Specific Jurisdiction.

Specific jurisdiction is limited to claims that "relate[ ] sufficiently to, or arise[ ] from, a significant subset of contacts between the defendant and the forum." *Baskin-Robbins, supra,* 825 F.3d at 35 (citation omitted). To establish specific jurisdiction, Plaintiff must demonstrate that: (1) the claims are "related to" the State Bar's activities in Massachusetts; (2) the State Bar has purposefully availed itself of the laws of Massachusetts; and (3) the exercise of jurisdiction would be reasonable. *See Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (citation omitted). "Failure to make any one of these showings dooms any effort to establish specific personal jurisdiction." *See Scottsdale Capital Advisors Corp. v. The Deal*, LLC, 887 F.3d 17, 20 (1st Cir. 2018). Plaintiff cannot make these showings here.

First, Plaintiff cannot establish relatedness, which requires that "the action ... directly arise out of the specific contacts between the defendant and the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). No such specific contacts are alleged here. Instead, the only allegation from which relatedness can be inferred is that the State Bar "received funding from its members, prospective member applicants, and from employment agencies around the world, including those residing or operating within Massachusetts." Compl. at ¶ 11. This is wholly insufficient. *See Beck v. Bedigian*,  2023 WL 2743295, at *6 (D. Mass. Mar. 31, 2023) (cleaned

up) (noting "Generally, in-forum effects of a defendant's extra-forum activities, without more, are inadequate to establish relatedness.").

Second, Plaintiff has not established that the State Bar purposefully availed itself of the laws of Massachusetts. This inquiry, which rests upon voluntariness and foreseeability,[5] examines whether a defendant "engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable." *Sawtelle*, 70 F.3d at 1391 (citation omitted). Here, Plaintiff's only reference to the State Bar's contacts with Massachusetts is its receipt of funding from members and prospective applicants who may reside in Massachusetts. Plaintiff does not allege that the State Bar solicits individuals from Massachusetts to take the Attorneys' Exam, which it does not. To the contrary, Massachusetts applicants, like Plaintiff, take the California Attorneys' Exam for the opportunity to practice law *in California*, which is the only jurisdiction in which the State Bar's regulatory authority over admissions and discipline applies. *See, e.g.*, Cal. Bus. & Prof. Code § 6002. Indeed, the First Circuit has long held that contacts with a state that stem from the unilateral activity of third parties—here the activities of out-of-state licensees and applicants—are insufficient to meet the purposeful availment prong. *See e.g. Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994); *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008); *Kuan Chen, supra,* 956 F.3d at 59. Plaintiff simply cannot sue the State Bar in Massachusetts based on an examination he took *in California*. *See PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 16-17 (1st Cir. 2019) (holding "jurisdiction cannot be carted from state to state, enabling a plaintiff to sue in any state to which he chooses to roam.").

---

[5] "Voluntariness is present where a defendant deliberately has engaged in significant activities within the forum, but not where the defendant's contacts with the forum are 'random, fortuitous, or attenuated" or result solely from "the unilateral activity of another party or a third person.' Foreseeability exists where the defendant's conduct and connection with the forum state is such that the defendant 'should reasonably anticipate being haled into court there.'" *See Wolverine Proctor & Schwartz, Inc. v. Aeroglide Corp.*, 394 F. Supp. 2d 299, 307 (D. Mass. 2005) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)).

**B.    This Court Should Dismiss Under Rule 12(b)(3) Because Venue is Improper.**

Pursuant to Rule 12(b)(3), this Court should also dismiss Plaintiff's complaint because the venue is improper. 28 U.S.C. § 1406(a); *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Once a defendant raises the issue of venue through a motion to dismiss, the plaintiff has the burden to demonstrate that venue is proper. *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979). For the reasons stated above, Plaintiff cannot do so here. As the entity responsible for licensing and regulating lawyers throughout *California*, *see Kohn v. State Bar of California,* 87 F. 4th 1021, 1033 (9th Cir. 2023), the State Bar is subject to personal jurisdiction in any California federal courts, and venue properly lies there. This Court, however, should dismiss instead of transfer this case because as discussed *infra*, Plaintiff's claims have already been adjudicated and denied by the California courts.

**C.    The Complaint Should Be Dismissed Without Leave to Amend Under Rule 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction.**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017); *Kokkonen, supra*, 511 U.S. at p. 377 (establishing federal courts may adjudicate only those cases authorized by the Constitution and by Congress); *see also Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013). Plaintiff fails to meet that burden here.

**1.    The Eleventh Amendment Bars Plaintiff's Suit Against the State Bar.**

"The Supreme Court 'has consistently held that an unconsenting State is immune [under the Eleventh Amendment] from suits brought in federal courts by her own citizens as well as by citizens of another State.' " *Torres–Alamo v. Puerto Rico*, 502 F.3d 20, 24 (1st Cir.2007) (citation omitted); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Sovereign immunity extends to all forms of relief, as well as to pendent or supplemental state-law claims. *Pennhurst*, 465 U.S. at 100-01, 120-21. The Ninth Circuit, in a decision en banc, has

definitively held that the State Bar is an arm of the State with sovereign immunity under the Eleventh Amendment. *Kohn*, 87 F. 4th at 1033. And, in affirming the district court's dismissal of Plaintiff's California federal lawsuit, the Ninth Circuit reinforced that conclusion as to Plaintiff's claims. *See Flinders*, 2024 WL 398430, at *1-2. Thus, *all* of Plaintiff's claims are barred on this basis alone.

With regard to Plaintiff's ADEA claim, the Supreme Court has held that the ADEA did not validly abrogate states' Eleventh Amendment immunity from suit by private individuals. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-92 (2000); *see also Davis v. Massachusetts*, 2014 WL 3965182, at *3 (D. Mass. Aug. 12, 2014). And assuming Plaintiff contends that the State Bar's sovereign immunity is abrogated by the ADEA for claims that also constitute constitutional violations, *see United States v. Georgia*, 546 U.S. 151, 158–59 (2006), that argument fails because as discussed *infra* in section C.6, Plaintiff does not state any constitutional claims under 42 U.S.C. § 1983.[6] Accordingly, Plaintiff's ADEA claim fails.

Plaintiff's Section 1983 claims are independently barred by the Eleventh Amendment. *See Daly v. Mason*, 2024 WL 4425628, at *3 (D. Mass. Sept. 30, 2024) (citing *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979) ("[W]e simply are unwilling to believe ... that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.") Thus, Plaintiff's Section 1983 claims also fail.

Accordingly, the State Bar is immune to Plaintiff's claims under the Eleventh Amendment, and therefore, his Complaint should be dismissed in its entirety without leave to amend.

## 2.    The *Rooker-Feldman* Doctrine Precludes Federal Jurisdiction.

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments. *See Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019). When an applicant is refused admission for

---

[6]And *Kimel* forecloses any argument that Congress could use its section 5 powers to prophylactically abrogate immunity. 588 U.S. at 82–83 (Applying the same "congruence and proportionality" test in these cases, we conclude that the ADEA is not "appropriate legislation" under § 5 of the Fourteenth Amendment.)

failure to pass the Attorneys' Exam, the applicant's recourse is to petition the California

Supreme Court to review that refusal as prescribed in the California Rules of Court. Cal. Bus. &

Prof. Code § 6066; Cal. Rules of Court, rule 9.13. Although Plaintiff eventually petitioned the

California Supreme Court to challenge his non-admission (*see* MTD, Ex. D), through this action,

he is now improperly asking this Court to review the California Supreme Court's decision to

deny his petition—a decision that falls squarely within the *Rooker-Feldman* doctrine. *See Brown

v. Bd. of Bar Examiners of State of Nev.*, 623 F.2d 605, 610 (9th Cir. 1980) ("A federal district

court … does not sit as an appellate court and therefore lacks jurisdiction to review state court

actions denying admission to the bar, even though the denial allegedly involves deprivation of

constitutional rights."). In *Feldman*, a case involving an attorney's denial of admission to the bar,

the Supreme Court held:

> United States District Courts . . . do not have jurisdiction . . . over challenges
> to state court decisions in particular cases arising out of judicial proceedings
> even if those challenges allege that the state court's action was
> unconstitutional. Review of those decisions may be had only in [the United
> States Supreme Court].

*D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Here, Plaintiff submitted a writ of

certiorari to the United States Supreme Court following the California Supreme Court's denial of

his petition. The Supreme Court denied that effort and its decision is final. Plaintiff cannot now

appeal that decision to this Court.

Furthermore, the *Rooker-Feldman* doctrine also bars a plaintiff from litigating issues that

are "inextricably intertwined" with an issue resolved by the state court in its judicial decision.

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Here, though

purportedly framed as a general challenge to the Attorneys' Exam or admission rules, Plaintiff's

lawsuit squarely challenges his own non-admission and the crux of his Complaint is an

individualized challenge regarding his own failure to gain admission to practice law. *See* Compl.

¶ 16 (seeking entry of judgment in his favor, seeking award of back pay, benefits, damages, fees,

and costs). *See Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (claims are "inextricably

intertwined" where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling") (internal quotation marks omitted). Because Plaintiff's claims and the California Supreme Court's denial of his admission to the State Bar are inextricably intertwined, and because the Supreme Court has issued a final determination, *Rooker-Feldman* conclusively bars Plaintiff's claims in this Court.

> **D.    The Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted.**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that, when taken as true, demonstrate a plausible claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007). While "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Boroian v. Mueller*, 616 F.3d 60, 65 (1st Cir. 2010) (internal quotation marks and citations omitted). Even if facts are "well-pleaded," a complaint is subject to dismissal if the facts do "not permit the court to infer more than the mere possibility of misconduct." *Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011) (internal quotation marks and citations omitted).[7]

> **1.    Plaintiff's Claims Are Time-Barred.**

As a preliminary matter, Plaintiff's claims fail on statute of limitations grounds. Fed. R. Civ. P. 8(c). Here, Plaintiff failed to timely file and serve his petition for review within 60 days after receiving his notice of adverse decision, as required by the California Supreme Court. As raised in the State Bar's informal response to Plaintiff's petition, Plaintiff filed his petition nearly four years after receiving the results of the July 2019 exam and more than three years after receiving the results of the February 2020 exam. *See* MTD, Exhibit E. To the extent Plaintiff

---

[7] The State Bar respectfully requests that the Court take judicial notice of the documents in the related California state and federal ligation discussed in the background and procedural history section, Exhibits A-H. *See United States v. Mercado*, 412 F.3d 243 (1st Cir. 2005) (court may appropriately take judicial notice of docket and activity in parallel judicial proceedings); *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) ("[I]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand").

contends this lawsuit is timely because he filed his EEOC complaint after the California Supreme Court denied his petition, that argument fails because the underlying petition—and this entire litigation—is untimely. *See, e.g.*, 29 U.S.C. § 626(d)(1)(B) (noting ADEA claim requires charge to be filed with 300 days of the alleged unlawful employment practice). Indeed, it has been over *five* years since Plaintiff last took the Attorneys' Exam, and the statute of limitations has long passed as to each of Plaintiff's remaining claims. *See Felix v. Morrissey,* 2025 WL 50298, at *3 (D. Mass. Jan. 8, 2025) (noting three year statute of limitation for section 1983 claims); *Pollock v. Tri-Modal Distribution Servs., Inc.*, 11 Cal. 5th 918, 931 (2021) (noting three year statute of limitation for FEHA claims); *Garcia v. United Parcel Serv., Inc.*, , 2025 WL 490805, at *7 (D. Mass. Feb. 13, 2025) (noting three year statute of limitation for FEPA claims).

### 2.    Plaintiff's Claims Are Barred by Doctrine of Res Judicata.

Plaintiff's previously filed California actions alleged various claims premised on the same factual allegations as those alleged in the instant complaint. *See* MTD, Exhibits A & C. "Because [Plaintiff] voluntarily proceeded in both forums, he is now subject to the consequences of claim preclusion." *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008).

First, state-law claim preclusion bars Plaintiff's challenge to the California Court of Appeal and California Supreme Court decisions. "Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." *Cruz Berrios v. Gonzalez-Rosario*, 630 F.3d 7, 11 (1st Cir. 2010). Under California law, "[t]he prerequisite elements for applying the [res judicata] doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *People v. Barragan*, 32 Cal. 4th 236, 253 (2004). A party may not relitigate issues that could have been raised in a previous action. *See Takahashi v. Bd. Of Ed. Of Livingston Union Sch. Dist.*, 202 Cal. App. 3d 1464, 1481 (Cal. 1988).

Here, the California Court of Appeal's December 11, 2023 decision and the California Supreme Court's denial of Plaintiff's Writ of Mandate were both final decisions on the merits. *In re Rose*, 22 Cal. 4th at 443 (summary denial of petition for review "constitutes a final judicial decision on the merits). As a result, these decisions are binding as to all issues that Plaintiff did raise or could have raised in those proceedings, including the ADEA, FEHA, and Section 1983 claims that Plaintiff chose not to raise in that forum. *See Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 877 (2010). Indeed, the First Circuit has held that where a party has a full and fair opportunity to litigate federal claims in state court and instead decides to split claims in different forums, as Plaintiff attempts to do so here, the federal claims which could have been raised in the state court action are barred by res judicata. *See Giragosian,* 547 F.3d at 65 (1st Cir. 2008)*.* Accordingly, state preclusion principles bar all of Plaintiff's present claims against the State Bar.

Second, federal res judicata or claim preclusion, similarly bars litigation in a subsequent action of any claims that Plaintiff raised or could have raised in the prior action. *See Airframe Sys., Inc. v. Raytheon Co.,* 601 F.3d 9, 14 (1st Cir. 2010) (citation omitted). Res judicata applies when: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Id.*

There is no dispute here that Flinders is the Plaintiff and the State Bar is the Defendant in this action and in his prior California federal action, and that like this action, the California federal action likewise raised ADEA and FEHA claims. Because these allegations are "related in time, space, origin, and motivation," *Airframe, supra,* 601 F.3d at 15-16, as all actions are predicated on age discrimination and allege the same nucleus of facts stemming from his failure to pass the California Attorneys' Exam in 2018 and 2019, federal res judicata applies. Where, as here, the Ninth Circuit affirmed the District Court's decision for lack of subject matter jurisdiction based on sovereign immunity grounds, Plaintiff cannot now challenge that determination in this Court. *See Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 9 (1st Cir. 2009), *abrogated on other grounds by Levin v. Com. Energy, Inc.*, 560 U.S. 413 (2010) (holding

"[d]ismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question."). Accordingly, Plaintiff's claims against the State Bar are barred by the District Court's dismissal of the federal action for lack of subject matter jurisdiction and the Ninth Circuit's affirmance of that dismissal.

### 3. Plaintiff's Causes of Action Otherwise Fail to State a Claim for Relief.

Even if Plaintiff could overcome the lack of personal and subject matter jurisdiction and that his claims are barred by res judicata (and he cannot), dismissal is still proper because he has failed to plausibly allege sufficient facts to state a claim for relief.

### a. Plaintiff Fails to State a Claim Under the ADEA.

Plaintiff's first, second, and third causes of action allege discrimination under the ADEA. The ADEA applies only to the employer-employee relationship. 29 U.S.C. § 623(a). Plaintiff is not, nor has he ever been, an employee or prospective employee of the State Bar. *See* Compl. ¶ 2, 42. As such, Plaintiff's claims under the ADEA fail as a matter of law.

The First Circuit and other courts have indeed rejected similar claims that a licensing and regulatory agency is an employer under the ADEA. *See Camacho v. Puerto Rico Ports Authority,* 369 F.3d 570, 578 (1st Cir. 2004) ("the agency does not become an employer of those individuals whom it neither hires, compensates nor supervises day-to-day even though it licenses and regulates them"); *Haddock v. Bd. of Dental Examiners of Cal.*, 777 F.2d 462 (9th Cir. 1985) (under Title VII, a licensing board is not an "employer," an "employment agency," nor a "labor organization"); *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345, 1346 (4th Cir. 1979) (per curiam) (Title VII does not apply to failed bar applicants because the Board of Bar Examiners is neither an "employer," an "employment agency," nor a "labor organization" within the meaning of the Act). This Court should similarly reject Plaintiff's employment law claims where his only relationship with the State Bar is as a prospective licensee.

Plaintiff contends that the State Bar is somehow an "employment agency" in "selectively procuring a steady stream of younger employees for its employer State Bar members while effectively barring older, more experienced employees from entering the workforce as attorney-

employees in California and competing with Defendant State Bar's members." Compl. ¶ 40. The

term "employment agency" is defined by the ADEA to mean "any person regularly undertaking

with or without compensation to procure employees for an employer and includes an agent of

such a person; but shall not include an agency of the United States." 29 U.S.C. § 630(c). Here,

Plaintiff does not and cannot allege any facts to support the assertion that the State Bar

"procures" employees for any employer; the State Bar is a regulatory and licensing body, not an

employment agency.[8] The State Bar is unaware of any court decision holding that a state-owned

licensing agency is an "employment agency" under the ADEA. *See e.g., E.E.O.C. v Local 350,*

*Plumbers and Pipefitters,* 842 F. Supp. 417 (D. Nev. 1994) (union hiring hall was not an

"employment agency" under ADEA); *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 399-

400 (D. N.J. 2008) (holding that under Title VII an agency that participated in "qualifying and

testing. . .employees" was not an employment agency). Plaintiff's characterization of the State

Bar as an "employment agency" is without basis and should be rejected.

Nor is the State Bar a "labor organization," as defined by 29 U.S.C. § 623(d). The State

Bar does not exist for the purpose of "dealing with employers concerning grievances, labor

disputes, wages, rates of pay, hours, or other terms or conditions of employment" Instead, its

mission is: "Protection of the public, which includes support for greater access to and inclusion in

the legal system…" Cal. Bus. & Prof. Code § 6001.1. Plaintiff's allegation that "the State Bar has

been designated by the Supreme Court as a 'labor union'" (Compl. ¶ 38) is simply false. In *Keller*

*v. State Bar of California*, 496 U.S. 1 (1990), attorneys brought a First Amendment challenge

against the State Bar's use of compulsory duties to finance certain ideological or political

activities. The Supreme Court did not hold that the State Bar was a labor union; it likened the State

Bar's activities to those of a labor union for the limited purpose of determining permissible uses of

its mandatory membership dues. *Id.* at 12-14. And although the State Bar was, in the past, an

"integrated bar," it is not, nor has it ever been, a "labor union." *Id.* at 1. Plaintiff alleges no facts

---

[8] The State Bar also does not have "members;" it regulates attorney "licensees." *See* Cal. Bus. &
Prof. Code § 6002.

supporting the contention that the State Bar is a covered labor organization; thus, his first, second, and third claims should be dismissed without leave to amend.

### b.   Plaintiff Fails to State a Claim Under FEHA.

As with his claims under the ADEA, Plaintiff's eighth cause of action, brought under the FEHA, suffers from the same fatal flaw: Plaintiff has never had an employment relationship with the State Bar. FEHA prohibits an employer from taking adverse "employment practice[s]" against an employee because of his age. Cal. Gov. Code § 12940(a). "The fundamental foundation for liability under FEHA is the 'existence of an employment relationship between the one who discriminates against another and that other who finds himself the victim of that discrimination.'" *Vernon v. State of Cal.,* 116 Cal. App. 4th 114, 123 (2004) (citing *Hill v. New York City Bd. of Educ.,* 808 F. Supp. 141, 146 (E.D.N.Y. 1992). Here, Plaintiff pleads no indicia of an employment relationship with the State Bar. *See generally* Compl. The State Bar does not pay Plaintiff a salary or other employment benefits, it does not provide him with equipment to do a job, it does not train or direct Plaintiff in his work, and it has no authority to hire, transfer, promote, discipline or discharge Plaintiff in his work for other employers. *See e.g*., *Vernon,* 116 Cal. App. 4th at 125 (setting forth factors considered in assessing an employment relationship's existence). Instead, it administers the requirements for attorney admissions and licensure. Significantly, Plaintiff pleads that he was in an employment relationship with a San Jose law firm, not the State Bar. Compl. ¶ 23.

The State Bar is not a licensing board as defined by FEHA. The California Government Code defines "licensing board" as a state board, agency, or authority in the California Business, Consumer Services, and Housing Agency. Cal. Gov. Code 12944(f). The State Bar is part of the California judicial branch; it is not in the Business, Consumer Services, and Housing Agency. *See In re Rose*, *supra,* 22 Cal. 4th at 438; Cal. Gov. Code § 12804 (listing agencies that are a part of the Business, Consumer Services, and Housing Agency) (amended by 2022 Cal. Legis. Serv. Ch. 452 (S.B. 1498) (filed Sept. 19, 2022)). The State Bar is therefore not a licensing board within the

meaning of the California Government Code.[9]  Plaintiff also fails to allege any facts showing that the State Bar is a "labor organization" or "employment agency" as defined by FEHA.

Plaintiff's conclusory claims are legal overreach; there is no basis to find that the State Bar is subject to FEHA under the facts alleged. *Bell Atl. Corp.*, 550 U.S. at 555. Accordingly, Plaintiff's FEHA claim fails as a matter of law.

### c.    Plaintiff Fails to State a Claim Under the Massachusetts Fair Employment Practices Act.

Plaintiff's newly added claim under Chapter 151B of the Massachusetts Fair Employment Practices Act (FEPA) fares no better. First, it fails because Plaintiff does not allege that he filed a claim against the State Bar before the Massachusetts Commission Against Discrimination, and therefore failed to exhaust his administrative remedy as required by law. *Aung v. Prettenhoffer*, 544 F. Supp. 3d 173 (D. Mass. 2021). Second, Plaintiff's FEPA claim rises and falls with his ADEA claim which, as argued above, lacks merit. *See Cocuzzo v. Trader Joe's E. Inc.*, 121 F. 4th 924, 930 (1st Cir. 2024) (holding analyses of age discrimination claims under the ADEA and Chapter 151B are "substantially similar" in all relevant respects) (citing *Adamson v. Walgreens Co.*, 750 F.3d 73, 83 (1st Cir. 2014). Accordingly, Plaintiff's FEPA claim should be dismissed.

### 4.    Plaintiff's Claims Brought Under 42 U.S.C. Section 1983 All Fail.

Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wilson v. Brown*, 889 F.2d 1195, 1197 (1st Cir. 1989) [same]; *see also Morrissey v. Massachusetts*,  2022 WL 1463051, at *10 (D. Mass. May 9, 2022) (holding

---

[9] FEHA also does not apply to the State Bar pursuant to Business and Professions Code section 6001. *See Kohn v. State Bar of Cal.*, 497 F. Supp. 3d 526, 538, n.4 (N.D. Cal. 2020).

Massachusetts is not subject to suit under section 1983 in state court because it is not a "person" under that statute). Well-established law compels dismissal of Plaintiff's Section 1983 claims for violations of the Fourteenth Amendment's equal protection clause (Count 5), the due process clause (Count 6), and the privileges and immunities clause (Count 7).

Even assuming, *arguendo*, Plaintiff could bring his Section 1983 claims against the State Bar, the Complaint nonetheless lacks any merit on its face. First, Plaintiff's Equal Protection Clause claim fails to establish the State Bar treated "similarly situated persons differently because of their classification in a particular group." *Mulero-Carrillo v. Roman-Hernandez*, 790 F.3d 99, 105-06 (1st Cir. 2015). The statistics Plaintiff cites showing that older test-takers are less likely to pass than younger ones are insufficient, because he does not allege that the different age groups of test-takers are similarly situated. Indeed, younger test-takers generally take the full bar examination, whereas licensed attorneys of any age take the Attorneys' Examination. As such, takers of one exam are not similarly situated with takers of the other exam. *Id.* at 106. Second, Plaintiff's Due Process claim should be dismissed because he does not provide any basis for this Court to conclude that the State Bar's scoring system is arbitrary or irrational. In addition, because obtaining a law license is not a fundamental right, Plaintiff cannot establish any facts that the State Bar's demanding accreditation requirements are not reasonably related in the State Bar's interest in regulating the legal profession. *Id.* at 108. Third, Plaintiff's Privileges and Immunities Clause claim cannot withstand scrutiny because he has not alleged that the State Bar treats people differently depending on whether they are from California or another state. *See Sup. Ct. of N.H. v. Piper*, 470 U.S. 274, 279–81 (1985).

## IV.    CONCLUSION

For each of the foregoing reasons, the State Bar respectfully requests that the Court grant the State Bar's motion to dismiss in its entirety without leave to amend. *See Warner v. Amgen Inc.,* 2025 WL 490720, at *9 (D. Mass. Feb. 13, 2025) (citing *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F. 4th 18, 40 (1st Cir. 2022) (noting amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted).

The Defendant,
STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL
By its Attorneys,

/s/ Adam Simms

Adam Simms, BBO #632617
Pierce Davis & Perritano, LLP
10 Post Office Square'
Boston, MA 02109
617-350-0950
asimms@piercedavis.com

*/s/ Raymond R. Rollan*

Raymond Rollan, Esq., *pro hac vice*
California Bar No. 304548
180 Howard Street
San Francisco, CA 94105-1639
(415) 538-2388
raymond.rollan@calbar.ca.gov

Dated: March 27, 2025

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 27, 2025.

*/s/ Adam Simms*
Adam Simms