## IN UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

Matthew Flinders,

        Plaintiff, Pro Se,

   v.

STATE BAR OF CALIFORNIA,

     Defendant.

Case No.: 1:24-cv-12919-JEK

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO

## DISMISS

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND AND PROCEDURAL HISTORY.......................................... 2

      A.  The State Bar's Employment Examinations Effectively Eliminate Employment
          Opportunities for Prospective Employees of Plaintiff's Protected Age ...................... 2

      B.  Plaintiff's Northern District and Tort and Contract Claims filed in California ........... 3

      C.  Plaintiff's Northern District of California Case is Dismissed for a Lack of Review by
          the Supreme Court of California ................................................................... 3

      D.  Conflicted Ninth Circuit Grants Defendant Sovereign Immunity ............................... 4

      E.  Plaintiff's Petition for Admission Decision Review to the Supreme Court of
          California ................................................................................................. 4

      F.  Plaintiff's District of Massachusetts Action .................................................... 4

III.  ARGUMENT ..................................................................................................... 5

      A.  This Court Has Personal Jurisdiction Over the State Bar ............................................. 5

      B.  Venue is Proper in Massachusetts.................................................................... 7

      C.  This Court has Subject Matter Jurisdiction over the State Bar's Pattern and Practice of
          Administering Discriminatory Employment Examinations.......................................... 8

      D.  This Case is Not an Individualized Admission Decision Review under Rooker-
          Feldman................................................................................................... 11

      E.  Plaintiff's Petition to the Supreme Court of California was Duly and Timely Filed
          ............................................................................................................... 12

      F.  Plaintiff's Claims Are Not Precluded by his Dismissed State Tort and Contract Claims
          ............................................................................................................... 13

      G.  Plaintiff's Claims are Not Precluded by the Ninth Circuit's Conflicted Affirmation of
          the Northern District's Lack of Jurisdiction............................................................... 13

      H.  The State Bar's Administration of its Employment Examinations Violate the ADEA
          ............................................................................................................... 15

      I.  The Plain and Ordinary Meaning of FEHA § 12944 Applies to the State Bar........... 17

J.    The State Bar is a "public corporation" that "may sue and be sued" under 42 U.S.C. § 1983 ................................................................................................................................ 18

K.    The State Bar Violated the Equal Protection, Due Process, and Immunities and Privileges provisions of the U.S. Constitution ............................................................ 19

IV.     CONCLUSION ............................................................................................................. 19

# **TABLE OF AUTHORITIES**

Page(s)

## **Cases**

*Adams vs. Schneider Electric USA,*
    492 Mass. 271 (2023) ................................................................................ 1

*Allgeyer v. Louisiana,*
    165 U.S. 578 (1897)................................................................................. 11

*Awabdy v. City of Adelanto,*
    368 F.3d 1062 (Ninth Circ. 2004)................................................................ 18

*Barrington Cove v. Rhode Island Hous. and Mortg,*
    246 F.3d 1 (First Circ. 2001) .................................................................... 19

*Boston Chapter, NAACP, Inc. v. Beecher,*
    371 F. Supp. 507 (D. Mass. 1974) ............................................................. 16

*Burke v. State Bar of California,*
    295 F. App'x 207 (9th Circ. 2008) ......................................................... 4, 14

*Caperton v. A. T. Massey Coal Co.,*
    556 U.S. 868 (2009)................................................................................. 15

*Craig v. State Bar of California,*
    141 F.3d 1353 (9th Cir. 1998) .................................................................. 12

*Crowe v. Oregon State Bar,*
    989 F.3d 714 (9th Cir. 2021) ...................................................................... 8

*D.C. Court of Appeals v. Feldman,*
    460 U.S. 462, 103 S. Ct. 1303 (1983)......................................................... 12

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,*
    592 U.S. 351 ....................................................................................... 5, 6, 7

*Fresenius Medical v. Puerto Rico Cardiovascular,*
    322 F.3d 56 (1st Circ. 2003)..................................................................... 8, 9

*Gonzalez v. Banco Cent. Corp,*
    27 F.3d 751 (1st Circ. 1994).................................................................... 14

*Gulino v. Board of Education,*

113 F. Supp. 3d 663 (S.D.N.Y. 2015) .......................................................................... 11, 16

*Granholm v. Heald*,
    544 U.S. 460 (2005) ............................................................................................................ 11

*Keller v. State Bar of California*,
    496 U.S. 1 (1990) ........................................................................................................... 9, 18

*Kohn v. State Bar of California,*
    87 F.4th 1021 (9th Cir. 2023) ....................................................................................... 4, 8

*Meacham v. Knolls Atomic Power Laboratory*,
    554 U.S. 84 (2008) ............................................................................................................... 1

*Metcalf Eddy, Inc. v. Puerto Rico Aqueduct Sewer Authority*,
    991 F.2d 935 (1st Cir. 1993) ............................................................................................. 8

*Mitchell v. L.A. Cmty. Coll. Dist.*,
    861 F.2d 198 (9th Cir. 1988) ............................................................................................ 8

*Monell v. Dep't of Social Servs.,*
    436 U.S. 658 (1978) .......................................................................................................... 18

*Puntolillo v. New Hampshire Racing Commission*,
    390 F. Supp. 231 (D.N.H. 1975) ............................................................................... 11, 16

*Sawtelle v. Farrell,*
    70 F.3d 1381 (1st Cir. 1995) ............................................................................................. 5

*Sibley Memorial Hospital v. Wilson*,
    488 F.2d 1338 (D.C. Cir. 1973) ................................................................................ 11, 15

*Sisemore v. Master Financial, Inc.*,
    151 Cal.App.4th 1386 .......................................................................................................... 1

*Smith v. City of Boston*,
    267 F. Supp. 3d 325 (2017) ........................................................................................ 11, 16

*Supreme Court of New Hampshire v. Piper*,
    470 U.S. 274 (1985) .......................................................................................................... 19

*Tennessee v. Lane*,
    541 U.S. 509 (2004) .......................................................................................................... 10

*Toledo v. Sanchez*,
    454 F.3d 24 (1st Cir. 2006) ............................................................................................. 10

*United States v. Ruiz*,
    536 U.S. 622 (2002)................................................................. 1

*United States v. Georgia*,
    546 U.S. 151 (2006)................................................................. 10

*Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*,
    429 U.S. 252 (1977)................................................................. 11

*Vasquez v. County of Los Angeles*,
    349 F.3d 634 (9th Cir. 2003) ................................................... 19

*Zobel v. Williams*,
    457 U.S. 55 (1982)................................................................... 19

## Statutes

28 U.S.C.
    § 1391 ................................................................................. 5, 7

29 U.S.C.
    § 623 ................................................................................ 11, 17
    § 630 ................................................................................ 10, 17

42 U.S.C.
    § 1983 .............................................................................. 12, 18

Cal. Gov. Code (CGC)
    § 911.2 .................................................................................... 3
    § 12944 ........................................................................ 1, 17, 18

Cal. Bus. and Prof. Code (BPC)
    § 6001 ........................................................................... 2, 9, 18
    § 6060 ................................................................................... 18
    § 6066 ............................................................................... 4, 12
    § 6078 ................................................................................... 12

Massachusetts General Laws (MGL)
    c. 151B § 4(1B) ....................................................................... 1
    c. 151B § 4(2) ......................................................................... 1

**Regulations**

29 CFR
    § 1601.74 ................................................................................................... 5
    § 1601.13 ................................................................................................... 5

**Constitutional Provisions**

U.S. Constitution
    Eleventh Amendment ................................................................. 1, 4, 8-10, 19
    Fourteenth Amendment ................................................................. 10, 11, 19

**Rules**

California Rules of Court
    9.13 .......................................................................................................... 12

Federal Civil Rules of Procedure
    12(b)(1) .................................................................................................... 9
    12(b)(6) .................................................................................................... 9

# I.        INTRODUCTION

The causes of action in this case surround egregious age-based discriminatory conduct by Defendant State Bar of California in which they utilized their attorney employment examinations to unlawfully restrict access to employment of individuals in Massachusetts and exceeding certain ages, in clear violation of the Age Discrimination in Employment Act (ADEA), the California Fair Employment and Housing Act (FEHA), the Massachusetts Fair Employment Practices Act (FEPA), and the U.S. Constitution.  The chances of passing Defendant's discriminatory examinations by those of Plaintiff's age were made effectively negligible while the opportunities for applicants of younger ages were made overwhelmingly greater.[1]  Defendant never denies the discriminatory impact of its examinations nor provides any valid legal justification.  The burden now rests with Defendant to justify why the extreme discriminatory impact of its examinations are based on a "legitimate, nondiscriminatory reason," are "job related," and/or based on "reasonable factors other than age,"[2] which they cannot plausibly do.

The Northern District of California ruled that Plaintiff had prematurely filed his ADEA action because he had not (yet) petitioned the Supreme Court of California, and dismissed Plaintiff's earlier action *without prejudice*.  In its effort to dismiss this case under its current motion, Defendant State Bar wrongly asserts that it is only subject to the jurisdiction of the Supreme Court of California and "enjoys" sovereign immunity under the Eleventh Amendment.

A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628 (2002).  Because the

---

[1] Compl. ¶ 12.
[2] M.G.L. c. 151B §§ 4(1B), 4(2); *Adams vs. Schneider Electric USA*, 492 Mass. 271, 281 (2023); Cal. Gov. Code (CGC) § 12944 (a); *Sisemore v. Master Financial, Inc.*, 151 Cal.App.4th 1386, 1419 (2007); *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84 (2008).

State of California (the "State") is not liable for Defendant's debts and Defendant is not funded by the State,[3] but is funded with tens of millions of dollars from applicants and members including many in Massachusetts and other jurisdictions outside of California, binding U.S. Supreme Court and First Circuit precedent holds that Defendant is not entitled to sovereign immunity and is subject to the jurisdiction of this Court.

## II.    BACKGROUND AND PROCEDURAL HISTORY

### A.    The State Bar's Employment Examination Effectively Eliminates Employment Opportunities for Prospective Employees of Plaintiff's Protected Age

The State Bar offers membership through a particular pathway for attorneys licensed in Massachusetts and other states ("Attorneys' Examination"), in exchange for the payment of thousands of dollars in Examination and Application fees.[4]  An applicant need not even travel to California to apply for membership or participate in Defendant's Examinations in California to become a member.[5]  Members and applicants, who are in substantial part the funders of Defendant's organization, number in the thousands in Massachusetts.[6]

Defendant alone administers and grades the essay portion of their Employment Examinations, which represents the entire Attorneys' Examination, unlike the multiple-choice portion that ~~is~~was graded by an independent testing organization and in which younger non-attorney applicants partake.[7]

---

[3] California Business and Professions Code (BPC) § 6001

[4] Comp. ¶¶ 26-27; State Bar of California "Attorney Applicants," available at https://www.calbar.ca.gov/Admissions/Requirements/Attorney-Applicants (last accessed May 5, 2025).

[5] "February 2025 Bar Exam Faqs," available at https://www.calbar.ca.gov/Portals/0/documents/admissions/Examinations/February-2025-Bar-Exam-FAQs.pdf (last accessed on 5/1/2025).

[6] Perusal of the State Bar's "Attorney Search" tool can yield thousands of Massachusetts residents. Available at https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch#searchlink

[7] Comp. ¶ 18.

Yet Defendant concealed the fact that the pass-rates of the essay portion of their Employment Examinations is substantially lower than the multiple-choice portion and falsely asserts that the essay portion is "scaled" in accordance with scores from of the multiple-choice portion.[8]

**B.    Plaintiff's Northern District and Tort and Contract Claims filed in California**

Before receiving a Notice of Right to Sue from the San Francisco branch of the EEOC, and before filing his original ADEA complaint in the Northern District of California, Plaintiff was compelled by California's relatively short statute of limitations to file any state tort and contract claims in California state court.[9]  Thus, there was no "full and fair" opportunity for Plaintiff to join his ADEA with his state contract and tort claims.

**C.    Plaintiff's Northern District of California Case is Dismissed for a Lack of Review by the Supreme Court of California**

The Northern District of California neither decided nor agreed with Defendant's erroneous assertion that dismissals of Plaintiff's state tort and contract claims had any preclusive effect on Plaintiff's ADEA and state employment discrimination claims.[10]  The Northern District decided that, because Plaintiff had not formally petitioned Defendant's admission decision with the California Supreme Court, he allegedly had not suffered a deprivation of federal rights, including under the ADEA.  *Flinders v. State Bar of Cal.*, 22-cv-04072-VKD (N.D. Cal. 2022).

The Ninth Circuit affirmed the Northern District's decision, and has otherwise routinely upheld precedent that failed applicants must first petition the Supreme Court of California before

---

[8] Comp. ¶¶ 29-30.
[9] Calif. Gov. Code § 911.2; Plaintiff's Declaration in Support of Opposition (Plaintiff's Declaration), Exhibit B.
[10] Exhibit F, *Flinders v. State Bar of Cal.*, 22-cv-04072-VKD, 1 (N.D. Cal. 2022).

they can assert claims in federal court.  See, e.g., *Burke v. State Bar of California*, 295 F. App'x

207, 208 (9th Circ. 2008).

### D.     Conflicted Ninth Circuit Grants Defendant Sovereign Immunity

State Bar member-majority Ninth Circuit panels further decided that Defendant "enjoys"

sovereign immunity under the Eleventh Amendment.  *Kohn v. State Bar of California*, 87 F.4th

1021 (9th Cir. 2023).  After holding Plaintiff's appeal in abeyance while an *en banc* panel

decided the issue of Defendant's purported sovereign immunity, the Ninth Circuit further

suggested that any assertion of abrogation by Congress of Plaintiff's claims were "forfeit"

because Plaintiff had not also pled or asserted Constitutional claims (which he now pleads in his

complaint).  *Flinders v. State Bar of California*, Case No. 22-17014, at 2 (9th Cir. 2024).

Plaintiff requested that the State Bar-member judges on these panels be recused in favor

of non-conflicted judges of the Ninth Circuit.[11]  The Ninth Circuit refused Plaintiff's request and

maintained their decisions emanating predominantly from its conflicted members.  Exhibit B.

### E.     Plaintiff's Petition for Admission Decision Review to the Supreme Court of California

After the Northern District decided that Plaintiff's claims were prematurely filed,

Plaintiff attempted multiple times to petition the Supreme Court of California for a review of

Defendant's admission decision under Cal. Bus & Prof Code § 6066.  Exhibit C (Plaintiff's

petition as filed with the Supreme Court of California).  Plaintiff subsequently petitioned the

U.S. Supreme Court to overturn the California Supreme Court's decision to deny him admission

in the practice of California law.  Defendant's MTD, Exhibit G. That petition was denied.

### F.     Plaintiff's District of Massachusetts Action

---

[11] Exhibit A (Plaintiff's Request for En Banc Review before the Ninth Circuit), pp. 2, 12-13.

Subsequent to the denial of Plaintiff's petition to the Supreme Court of California, after Plaintiff returned to Massachusetts and pursuant to the Northern Districts decision and dismissal, Plaintiff timely filed a new charge of discrimination with the Boston office of the EEOC on August 11, 2024.  Complaint ¶ 9.  The EEOC and the Massachusetts Commission Against Discrimination (MCAD) have a work-sharing agreement in which a charge filed with one agency is considered a dual-filing with both.[12]

After a Notice of Right to Sue was issued by the EEOC on August 26, 2024, Plaintiff timely filed his Complaint in this Action on November 22, 2024.  Compl. ¶ 9.

## III.        ARGUMENT

### A.    This Court Has Personal Jurisdiction Over the State Bar

Defendant's discriminatory conduct specifically pertains to attorneys licensed outside of California, including in Massachusetts, and the harm done to Plaintiff arising from this misconduct places Defendant squarely within the jurisdiction of this Court.  For specific jurisdiction to apply to a defendant in a particular forum, a defendant must have purposefully availed themselves of the forum's jurisdiction, the plaintiff's causes of action arose from or relate to defendant's activities in the forum, and subjecting the defendant to the forum's jurisdiction is reasonable. *See, e.g., Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358; *Sawtelle v. Farrell*, 70 F.3d 1381, 1388-89 (1st Cir. 1995).

Defendant has purposely availed itself of jurisdiction in Massachusetts and other states. Purposeful availment may be established where a defendant voluntarily conducts business within a state and would foreseeably benefit from the protection of a state's laws in conducting such business. *Sawtelle,* 70  F.3d at 1391.  Defendant has substantial and continuous contacts in

---

[12] 29 CFR § 1601.74; 29 C.F.R. § 1601.13(a)(4).

Massachusetts, including numerous dues-paying members and applicants residing in Massachusetts.  Defendant offers a particular path to membership through its Attorneys' Examination for applicants such as Plaintiff based specifically on their licensure in Massachusetts.  Compl. ¶ 18.  See "Attorney Applicants," available at https://www.calbar.ca.gov/Admissions/Requirements/Attorney-Applicants (last accessed 5/3/2026).  Such applicants have not even needed to step within California to participate in Defendant's Examinations and become a member.[13]

If Plaintiff or another applicant of Defendant in Massachusetts failed to pay Defendant's Examination or application fees after agreeing to do so, for example, it is foreseeable that Defendant would seek relief and the privileges of protection under Massachusetts laws, just as Ford Motorcar did in Montana and Minnesota when marketing and selling its cars across the country.  *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 352.

Defendant's deprivation of Plaintiff's federal rights under the ADEA is clearly related to Defendant's conduct toward individuals such as Plaintiff with residence and/or long-term licensure in Massachusetts and other states outside of California.  Defendant makes passing their Examinations all the more difficult if not impossible for individuals of Plaintiff's age utilizing licensure in Massachusetts to participate in Defendant's essay-only "Attorneys' Examination," where there was/is no benefit of mitigation by way of the multi-state multiple-choice portion (MBE) that younger and/or non-attorney applicants were required to participate in.

While Defendant induces victims such as Plaintiff in other states to participate in a purportedly easier path to licensure, as Defendant receives thousands of dollars for each

---

[13] K. Sloan, "After California bar exam chaos, state poised to nix remote testing," Reuters (March 3, 2025), available at https://www.reuters.com/legal/government/after-california-bar-exam-chaos-state-poised-nix-remote-testing-2025-03-03/

examination attempt, Defendant fraudulently made passage effectively impossible based arbitrarily on Plaintiff's age and status as an attorney-applicant.

Subjecting Defendant to the jurisdiction of this Court is not only reasonable, but the only reasonable forum in which Defendant's discriminatory conduct toward Plaintiff can be fairly and justly adjudicated.  Plaintiff's motions for stays pending litigation of his federal claims against Defendant were denied in state court,[14] while the Ninth Circuit, with a State Bar-member majority panel that refused to recuse themselves, rendered its decision against Plaintiff just days after Plaintiff filed a petition with the U.S. Supreme Court seeking to overturn the California Supreme Court's decision to deny him admission.[15]

Even while the Ford Motor Co. ("Ford") did not have its "home" in Minnesota, and regardless of whether Ford actually sold defective vehicles there, the U.S. Supreme Court found specific jurisdiction over Ford in Minnesota to be proper and reasonable because Ford's commercial activities in the state were at least "related" to the plaintiff's use of a defective Ford vehicle in Minnesota.  *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 367. This Court should so similarly find with respect to Defendant's conduct in this case, which clearly relates to Massachusetts licensed attorneys and Plaintiff's ability to practice California law from Massachusetts.

### B.    Venue is Proper in Massachusetts

Venue is proper in Massachusetts in this case because, as explained above, a substantial portion of the activities giving rise to this case occurred in Massachusetts and because Defendant is subject to personal jurisdiction in Massachusetts, where Plaintiff resides. Venue is proper

---

[14] Exhibit E (Decision and Order by the California Court of Appeal, Sixth District).
[15] Exhibit A, p. 2 (Plaintiff's Request for En Banc Review before the Ninth Circuit).

where a substantial part of the events giving rise to an action occurred in the venue and/or where the Defendant is subject to personal jurisdiction.  28 U.S. Code § 1391.

### C.    This Court has Subject Matter Jurisdiction over the State Bar's Pattern and Practice of Administering Discriminatory Employment Examinations

As well as personal jurisdiction, this Court has subject matter jurisdiction over Defendant's egregious and unlawful acts of discrimination towards Plaintiff and others in his protected class.  Defendant's acts violated the U.S. Constitution as well as the ADEA that protects individuals including Plaintiff from being arbitrarily discriminated against based on age (e.g., over 40).  Under the U.S. Constitution and within the First Circuit, Defendant does not have immunity under the Eleventh Amendment or any other law in this jurisdiction.  Regardless, any such immunity that Defendant may "enjoy" under the Eleventh Amendment with respect to Plaintiff's federal ADEA claims was properly abrogated by Congress.

### 1.    The State Bar is Not the State and Does Not Have Eleventh Amendment Immunity

In determining entitlement to sovereign immunity, this circuit applies the test set forth in *Fresenius Medical v. Puerto Rico Cardiovascular*, 322 F.3d 56, 60 (1st Cir. 2003) and *Metcalf Eddy, Inc. v. Puerto Rico Aqueduct Sewer Authority*, 991 F.2d 935, 939-40 (1st Cir. 1993), not significantly distinct from the test applied by the Ninth Circuit in *Crowe v. Oregon State Bar*, 989 F.3d 714, 729 (9th Cir. 2021) and *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), before the Ninth Circuit inexplicably reversed its long-standing precedent when the Ninth Circuit's predominant bar organization was challenged in *Kohn v. State Bar of Cal.*, 87 F.4th 1021 (Dec 6, 2023) and by Plaintiff in the Northern District of California.  Other Circuits depart even further from the Ninth in determining sovereign immunity, including reliance on an activity-based analysis, and are even split regarding whether sovereign immunity is properly

reviewed under Rules 12(b)(1) and 12(b)(6), the splits around which the U.S. Supreme Court has thus far refused to address despite repeated requests.[16]

State of California structured the State Bar as a separate "public corporation" that can independently sue or be sued, contract on its own behalf, sell or purchase its own real estate and personal property, and raise its own revenue, which it does so by charging fees to its members and applicants such as Plaintiff, and serves merely in an "advisory role" to the Supreme Court of California, while not itself issuing or revoking any licenses to practice law. *Keller v. State Bar of California*, 496 U.S. 1, 2 (1990); California Business and Professions Code (BPC) § 6001. That is, the State Bar serves as an independent testing agency like the National Conference of Bar Examiners (NCBE) which developed and graded the multi-state multiple choice bar examinations (MBE) for both California and Massachusetts when Plaintiff participated in his respective examinations.[17]

 "If the structural indicators [of an entity] point in different directions, then the second stage of analysis comes into play. At this stage, the vulnerability of the state's purse is the most salient factor in the Eleventh Amendment determination. Where it is clear that the state treasury is not at risk, then the control exercised by the state over the entity does not entitle the entity to Eleventh Amendment immunity." *Fresenius Medical* 322 F.3d at 66.

As set forth in California law, the State of California is not liable for the State Bar's debts and the State of California does not fund the State Bar. BPC § 6008. Presuming the State Bar

---

[16] Kohn v. State Bar of California, Petition for Writ of Certiorari No. 23-6922 (U.S. Supreme Court 2023), available at https://www.dykema.com/a/web/pDq6JJEizgBBYhhZ4YFWbN/kohn-petition-for-writ-of-certiorari.pdf; Kohn v. State Bar of California, Petition for Writ of Certiorari No. 24-6921, (U.S. Supreme Court 2024, Grant for Review Pending as of May 5, 2025), https://www.supremecourt.gov/Search.aspx?FileName=/docket/docketfiles/html/public%5C24-6921.html

[17] See Complaint ¶ 18; "FAQs Regarding the Bar Exam in Massachusetts" available at https://www.mass.gov/guides/faqs-regarding-the-bar-exam-in-massachusetts

was impacted by a monetary judgment, the State Bar could increase its fees for its members and applicants, including numerous such individuals residing outside of California, and would thereby not affront the State's "dignity." The State Bar can also presumably declare for bankruptcy, without the State owing any of the State Bar's creditors funds from the State treasury, while the State could subsequently restructure or contract a new entity to carry on with functions of advising the Supreme Court of California and administering examinations. Accordingly, under First Circuit and U.S. Supreme Court precedent, the State Bar is not an "arm of the state" entitled to sovereign immunity under the Eleventh Amendment.

### 2. Plaintiff's Claims are Otherwise Abrogated under the ADEA and U.S. Constitution

Even assuming, *arguendo,* that the State Bar "enjoys" state sovereign immunity, Plaintiff's particular claims against the State Bar are properly abrogated for adjudication in federal court. Determining whether particular claims have been properly abrogated involves analyzing the claims under the so-called *Georgia-Lane* framework, including determining 1) whether the subject federal legislation clearly expresses congressional intent to abrogate state sovereign immunity, 2) whether the claims represent conduct Congress sought to protect against under the statute, and 3) whether the conduct at issue violates the U.S. Constitution, specifically the Fourteenth Amendment. *See Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006); *United States v. Georgia*, 546 U.S. 151 (2006); *Tennessee v. Lane*, 541 U.S. 509 (2004).

The ADEA, 29 USC § 630(b), states that an "employer" includes "a State or political subdivision of a State and any agency or instrumentality of a State…", reflecting Congress' clear intent to abrogate state sovereign immunity. Defendant's conduct is clearly what Congress intended to protect against in enacting the ADEA and similar laws, in particular prohibiting employers such as Defendant from interfering with the employment rights and privileges of

individuals based on age or other factors. See 29 U.S.C. § 623 (a) (1); *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973); *Puntolillo v. New Hampshire Racing Commission*, 390 F. Supp. 231 (D.N.H. 1975); *Smith v. City of Boston*, 267 F. Supp. 3d 325 (2017); *Gulino v. Board of Education*, 113 F. Supp. 3d 663 (S.D.N.Y. 2015).

The U.S. Supreme Court has held that in extreme cases of discrimination, such as in this case, the requirement for seeking additional evidence of discriminatory purpose is unnecessary to advance an equal protection claim based disparate impact. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 266 (1977). Further, freedom to contract with others, including seeking employment in chosen vocations, has been determined to be a fundamental right under the Fourteenth Amendment, including under due process and privileges and immunities. *Allgeyer v. Louisiana*, 165 U.S. 578 (1897). *Granholm v. Heald*, 544 U.S. 460 (2005).

Defendant's effective bans on those of certain ages wishing to enter the practice of California law arbitrarily restrict Plaintiff's fundamental economic freedoms without a rational basis or "substantial" reason, in violation of due process and privileges and immunities under the Fourteenth Amendment. This conduct by Defendant is deliberate, widespread, and repeats itself in examination after examination, year after year, providing a solid basis on which to abrogate state sovereign immunity for Plaintiff's claims under the ADEA.

### D.  This Case is Not an Individualized Admission Decision Review under *Rooker-Feldman*

Plaintiff concedes that this Court cannot overturn the Supreme Court of California's denial of his individual application to practice California law. However, this Action, by contrast, constitutes a "general attack" on the rules for admission to Defendant's bar organization, rules which Defendant promulgated and administers in its role of advising the State, and concerns not

just Plaintiff but the ability of thousands of other applicants in protected age groups seeking admission. "In contrast [to an individual admission decision], a general attack on a state's admission rules may be heard by lower federal courts because a state supreme court acts in a non-judicial capacity when it promulgates such rules. See Feldman, 460 U.S. at 485, 487." *Craig v. State Bar of California*, 141 F.3d 1353, 1354 (9th Cir. 1998) citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). Accordingly, Defendant's reliance on *Rooker-Feldman* to dismiss this case lacks merit.

### E. Plaintiff's Petition to the Supreme Court of California was Duly and Timely Filed

There is no time bar enacted by the California State courts or other applicable authority that limits the period an applicant can petition for a review of an admission decision under California Business and Professions Code (BPC) § 6066. Defendant inaptly cites rules that are applicable to Defendant's "State Bar Court" and disciplinary proceedings to contend that Plaintiff's petition for an admission review to the Supreme Court of California was untimely.[18] The State Bar Court is a body purposed, albeit ineffectively,[19] with holding Defendant's members accountable for alleged ethical violations and "advising" the Supreme Court of California on whether law licenses of particular members should be suspended or revoked. BPC § 6078.

---

[18] Defendant's Memo, p. 13. In Defendant's original "informal" response to Plaintiff's Petition, Defendant cited California Rules of Court 9.13 "Review of State Bar Court decisions," *See* Defendant's Motion to Dismiss (MTD), Exhibit E.

[19] See Harriet Ryan, ***California State Bar, under scrutiny for Tom Girardi scandal, gives director $43,000 raise***, LA Times, Aug 24, 2022, available at https://www.latimes.com/california/story/2022-08-24/troubled-state-bar-gives-top-official-43-000-raise; *see also* Joyce E. Cutler, ***California Bar's Policies Don't Protect Public, Audit Finds***, Bloomberg Law, April 14, 2022, available at https://news.bloomberglaw.com/legal-ethics/california-bars-weak-policies-dont-protect-public-audit-finds

Because the time bars relied upon by Defendant did not apply to Plaintiff's petition and there is otherwise no applicable time bar under the California Rules of Court or California law, Plaintiff's Petition was duly and timely submitted and accepted by the Supreme Court of California for consideration.  Exhibit C.

**F.    Plaintiff's Claims Are Not Precluded by his Dismissed State Tort and Contract Claims**

As explained above, Plaintiff was compelled to file his state tort and contract claims in California state court prior to receiving a Notice of Right to Sue from the San Francisco office of the EEOC.

Plaintiff's ADEA and Constitutional claims were neither identical nor necessarily decided in his tort and contract cases, which were dismissed on the basis that the California state courts lacked jurisdiction to hear his tort and contract claims under the California Government Claims Act.[20]  For that reason, the State Appeals Court of California decided that the Northern District's decisions around his ADEA and other claims did not have any preclusive effect on Plaintiff's tort and contract claims.[21]  The reciprocal of this finding naturally follows, by which Defendant is precluded.  Moreover, despite Defendant's pleas, neither the Northern District nor the Ninth Circuit decided that Plaintiff's ADEA claims were precluded by the dismissals of his state tort and contract claims.

**G.    Plaintiff's Claims are Not Precluded by the Ninth Circuit's Conflicted Affirmation of the Northern District's Lack of Jurisdiction**

Neither the Northern District's nor Ninth Circuit's judgements *without prejudice* for lack of jurisdiction preclude Plaintiff from bringing the present claims.  The Northern District of California decided that it lacked jurisdiction because Plaintiff had not and could not have

---

[20] Exhibit E, p. 25.
[21] Exhibit E, p. 10.

purportedly suffered a deprivation of his federal rights until he had petitioned the Supreme Court

of California, which he had not (yet) petitioned.  *Flinders v. State Bar of Cal*., 22-cv-04072-

VKD, 7 (N.D. Cal, Dec 5, 2022).  The Ninth Circuit has otherwise upheld the grounds under

which Plaintiff challenged the original dismissal of his ADEA claims, that a petition must first be

considered by the Supreme Court of California before an applicant could suffer a deprivation of

federal rights.  See, e.g., *Burke v. State Bar of California*, 295 F. App'x 207, 208 (Sep 29, 2008).

   For a claim to be precluded, there must be: (1) a final "valid" judgment on the merits in

an earlier action; and (2) sufficient identity between the causes of action asserted in the earlier

and later suits.  *Gonzalez v. Banco Cent. Corp*, 27 F.3d 751, 756 (First Circ. 1994).  Pursuant to

the Northern District's decision, because Plaintiff could not (yet) have suffered a deprivation of

his federal rights, neither the Northern District nor the Ninth Circuit had jurisdiction to further

decide the merits of Plaintiff's claims.

   Pertaining to the issue of abrogation by Congress of Plaintiff's ADEA claims and

assuming, *arguendo*, that the State Bar enjoys sovereign immunity in this jurisdiction, the Ninth

Circuit submitted that Plaintiff had forfeited the avenue of jurisdiction under Congressional

abrogation because Plaintiff had not asserted any Constitutional claims in his original complaint.

*Flinders v. State Bar of California*, No. 22-17014, 3 (9th Circ. 2024).  In the present Action,

Plaintiff does indeed assert Constitutional claims in his Complaint and raises this avenue of

jurisdiction in his first response to Defendant's motion to dismiss. Compl. ¶¶ 57-65.

   Finally, the judgement of the Ninth Circuit was not valid because the Ninth Circuit (and

Northern District) members that constituted the majority of judges deciding Plaintiff's case,

while separately deciding Defendant's purported sovereign immunity, were conflicted members

of Defendant's "labor union" that refused to recuse themselves in favor of otherwise non-

conflicted judges within the Ninth Circuit.  Such members of Defendant's bar association, which can readily transition between service as judges and private practice, stood to benefit financially and professionally by excluding new members, particularly older experienced attorneys from other jurisdictions.

The State Bar member judges deciding Plaintiff's case and appeal stood to incur financial loss (in increased dues) had their bar association been found to lack sovereign immunity.  Such a judgement made by conflicted jurists is a violation of due process and therefore does not represent a *valid* final judgement.  *See Caperton v. A. T. Massey Coal Co.*, 556 U.S. 868 (2009).

None of the issues beyond jurisdiction specifically within the Northern District, based on the timing of Plaintiff's original action, have been necessarily or validly decided.

### H.     The State Bar's Administration of its Employment Examinations Violate the ADEA

Defendant erroneously claims that employers are only liable to their own employees under the ADEA and FEPA, and thereby misrepresents that Defendant cannot be liable to Plaintiff because he was never their employee.[22]  However, the Ninth Circuit even conceded that Plaintiff could have a viable claim under the ADEA if not for Defendant's purported sovereign immunity, under the provisions of the ADEA which the relevant provisions of the FEPA mirror. *Flinders v. State Bar of California*, No. 22-17014, 3 (9th Circ. 2024),   It has long been established that employers are liable under the ADEA for denying "access" to employment or otherwise interfering with the "privileges of employment" of "any individual," including prospective employees and those employed by or seeking employment with other employers.[23]

---

[22] Defendant's Memo, p. 16.

[23] In the seminal case of *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973), for example, a hospital was found liable under Title VII (which the ADEA significantly incorporates) because it routinely denied access of an individual male nurse, not employed by the hospital, to its premises to perform duties of his employment with female patients.

Licensing boards, boards of education, police departments, fire departments, and other public employers involving important public safety concerns and licensing or "police powers" have all been found liable for implementing discriminatory licensing/employment examinations against "individuals," whether or not the individuals were employed by or seeking employment directly with those defendants.[24]

Defendant misconstrues the cases it cites as somehow establishing that licensing bodies, of which Defendant is not, are automatically exempt from employment discrimination even when they are employers who abuse their licensing authority to discriminate against their prospective employees and those of their fellow employers. The potential liability of licensing authorities abusing their licensing function under the ADEA was clearly established in *Puntolillo v. New Hampshire Racing Commission*, 375 F. Supp. 1089 (D.N.H. 1974). In *Puntolillo*, a state authority that issued harness racing licenses to drivers could be liable under Title VII (which the ADEA mirrors) to those it discriminated against in granting licenses because the licensing authority also operated a raceway on which the drivers could compete. There is simply no carve-out exemption or immunity granted to licensing authorities under the ADEA, FEHA, or FEPA.

Under the ADEA, "the term "labor organization" means a labor organization engaged in an industry affecting commerce, and any agent of such an organization, and includes ***any organization of any kind, any agency***, or employee representation committee, group, association, or plan so engaged ***in which employees participate and which exists for*** the

---

[24] See, e.g., *Smith v. City of Boston*, 267 F. Supp. 3d 325 (2017); *Gulino v. Board of Education*, 113 F. Supp. 3d 663 (S.D.N.Y. 2015); *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507 (D. Mass. 1974); *Puntolillo v. New Hampshire Racing Commission*, 390 F. Supp. 231 (D.N.H. 1975).

purpose, in whole or ***in part, of dealing with employers concerning grievances, labor disputes,*** ***wages, rates of pay, hours, or other terms or conditions of employment***" (emphasis added).[25]

Defendant State Bar, acting as a "labor organization," violated the ADEA on the basis that it acted "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age" and to "cause or attempt to cause an employer to discriminate against an individual in violation of this section" pursuant to 29 U.S. Code § 623 (c).

Defendant State Bar provides a "referral service" for referring their members to potential employers[26] and thereby regularly engages in an "undertaking with or without compensation to procure employees for an employer" and thus acts as an "employment agency" under the ADEA. The State Bar thus violates 29 U.S. Code § 623 (c) on that basis that it does "fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age."

## I.    The Plain and Ordinary Meaning of FEHA § 12944 Applies to the State Bar

Defendant suggests this Court should adopt its self-serving, unprecedented, and narrow interpretation of § 12944 of the FEHA as not applying to Defendant. § 12944 makes it unlawful for licensing boards and other entities that certify applicants for licensure to establish licensing examinations that discriminate against examinees on the basis of age and other protected classifications.[27] § 12944 (f) states:

---

[25] 29 U.S. Code § 630 (d).
[26] *See* State Bar "Certified Lawyer Referral Services Directory," available at https://www.calbar.ca.gov/Public/Need-Legal-Help/Using-a-Certified-Lawyer-Referral-Service/Certified-Lawyer-Referral-Services-Directory
[27] Compl. ¶¶ 53-56.

> ""licensing board" means *any* state board, agency, *or* authority in the
> Business, Consumer Services, and Housing Agency that has the authority to
> grant licenses or certificates which are prerequisites to employment
> eligibility or professional status" (emphasis added).

Defendant is clearly an agency of the State with such power "to grant licenses *or*

*certificates* which are prerequisites to employment eligibility or professional status" (emphasis

added). Based on any reasonable reading of § 12944 and, in context, this provision applies to

any state board, or agency, *or* to any authority in the Business, Consumer Services, and Housing

Agency (BCHA), that has the authority to grant licenses *or certificates* required for employment

eligibility. Defendant "certifies" applicants for the Supreme Court of California and licenses to

practice California law.[28]

> **J.    The State Bar is a "public corporation" that "may sue and be sued"
> under 42 U.S.C. § 1983**

Defendant is a "public corporation" and may act under the color of authority and as an

agent of the Supreme Court of California, but is clearly not the Supreme Court of California or

"the State," despite Defendant's proclamations to the contrary. *Keller v. State Bar of California*,

496 U.S. 1, 2 (1990); California Business and Professions Code (BPC) § 6001. Indeed,

California law stipulates that individuals may independently sue the State Bar of California apart

from the State. *Id*.

"A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his

"rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or

*entity*, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; *Monell v.*

*Dep't of Social Servs.*, 436 U.S. 658, 690-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)." *Awabdy v.*

*City of Adelanto*, 368 F.3d 1062, 1066 (Ninth Circ. 2004). Defendant is subject to 42 U.S.C. §

---

[28] Cal. Bus. & Prof. Code § 6060.

1983 for at least the same reasons that Defendant is neither "the State" nor entitled to sovereign immunity under the Eleventh Amendment.

### K.    The State Bar Violated the Equal Protection, Due Process, and Immunities and Privileges provisions of the U.S. Constitution

As set forth in III(C)(2) *supra*, Plaintiff's claims under the ADEA are properly abrogated by Congress, whether or not Defendant is entitled to sovereign immunity.  Defendant arbitrarily discriminates against those in a protected class (those of ages in excess of 40) without a rational basis in violation of Equal Protection under the Fourteenth Amendment of the Constitution. Defendant similarly violates Plaintiff's rights under Due Process and Immunities and Privileges by abridging Plaintiff's fundamental rights to contract with others without a rational basis or substantial reason.  *See Zobel v. Williams*, 457 U.S. 55 (1982); *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 275 (1985)

Defendant's arguments that Plaintiff wasn't "similarly situated" under Equal Protection with younger examinees who participated in both multiple-choice and essay portions of Defendant's Examinations are inapt.  Defendant's Memo, p. 20.   Generally, "individuals are similarly situated when they have similar jobs and display similar conduct" or the "incidents [are] roughly equivalent."   *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); *Barrington Cove v. Rhode Island Hous. and Mortg*, 246 F.3d 1, 8 (1st Circ. 2001).  There is no rational basis to suggest that recently graduated law students are more qualified to practice law than the many older and/or more experienced attorney applicants that Defendant discriminates against.

### IV.    CONCLUSION

Defendant is an employer of and labor organization for attorneys that egregiously denies access to and privileges of employment for thousands of individuals based on their age,

particularly based on licensure in other states, without a rational basis, in violation of the ADEA and U.S. Constitution.   The burden now rests with Defendant to justify this discrimination, which it cannot plausibly do.

Respectfully submitted this 9th day of May, 2025.

/s/ Matthew Flinders

_____

Matthew Flinders
Plaintiff Pro Se
552 Victory Rd., N509
Quincy, MA  02171
Telephone:  617-699-3068
Email: mflinders@hotmail.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 9, 2025.

/s/ Matthew Flinders

_____

Matthew Flinders