# IN UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| Matthew Flinders,<br><br>      Plaintiff, Pro Se,<br>v.<br><br>STATE BAR OF CALIFORNIA,<br><br>      Defendant. | Case No.: 1:24-cv-12919-JEK<br><br>Permission to File a Reply Memorandum of Law Granted on June 12, 2025 (ECF No. 30) |

**PLAINTIFF'S SECOND MEMORANDUM IN OPPOSITION TO DEFENDANT'S**

**MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    I.       Defendant State Bar is an Employer of Attorneys Under the ADEA ........................... 3

    II.      Defendant is an Employer that Refuses to Hire and Otherwise Discriminates Against Individuals Because of Their Age ................................................................................ 2

    III.     Defendant is a Labor Organization and Employment Agency as Defined under the ADEA ........................................................................................................................... 5

CONCLUSION ............................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ass'n of Mexican–Am. Educators v. California*,
　　231 F.3d 572 (9th Cir.2000) ............................................................................................... 4

*Boston Chapter, NAACP, Inc. v. Beecher*,
　　371 F. Supp. 507 (D. Mass. 1974) ..................................................................................... 3

*Camacho v. Puerto Rico Ports Authority*,
　　369 F.3d 570 (2004) ........................................................................................................... 4

*Lopez v. Massachusetts*,
　　588 F.3d 69 (1st Cir. 2009) ............................................................................................. 1-4

*Nationwide Mutual Ins. Co. v. Darden,*
　　*503 U.S. 318 (1992)* ........................................................................................................... 4

*Keller v. State Bar of California*,
　　496 U.S. 1 (1990) ............................................................................................................... 2

*Puntolillo v. New Hampshire Racing Commission*,
　　390 F. Supp. 231 (D.N.H. 1975) ........................................................................................ 3

**Statutes**

29 U.S.C.
　　§ 623 .................................................................................................................................. 2
　　§ 630 ............................................................................................................................. 1, 5

# INTRODUCTION

After years of proceedings in which Plaintiff asserted the same or similar bases for Defendant State Bar's liability under the ADEA, Defendant now raises, in its reply brief of June 11, 2025 ("Reply Brief"), entirely new case law in another bad faith effort to evade responsibility for its egregiously unlawful employment discrimination.

Defendant cites *Lopez v. Massachusetts*, 588 F.3d 69 (1st Cir. 2009) and related cases[1] to proffer inapt comparisons with entities that did not represent, as Defendant does, an employer that wholesale denies access to their own and others' comparable employment opportunities based on unlawful discrimination.

# ARGUMENT

## I. DEFENDANT STATE BAR IS AN EMPLOYER OF ATTORNEYS UNDER THE ADEA

First, Defendant makes the baseless assertion that it is not an employer within the meaning of the ADEA. Defendant's Reply Brief at 7. The ADEA unequivocally defines an "employer" as meaning "a person engaged in an industry affecting commerce who has twenty or more employees" and also means "(1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State…" 29 U.S.C. § 630 (b). There is no dispute that Defendant employs more than twenty attorney employees, several of whom are admitted *pro hac vice* in this Case, and is also an agent of the State of California, which indisputably employs attorney employees.

Defendant is also an agent of its attorney employer members as noted by the United States Supreme Court, and does not itself license attorneys but "advises" the Supreme Court of

---

[1] See, e.g., Defendant's Reply Brief at 1-8.

- 1 -

California in the court's exclusive authority of granting licenses in the practice California law. *Keller v. State Bar of California*, 496 U.S. 1, 2 (1990). Defendant has numerous employer "members," with whom it has a relationship equivalent to that of a "labor union." *Id*. No amount of parsing or rephrasing around the terms "integrated bar," "member," "licensee," or "licensing body" changes these basic facts.

## II. DEFENDANT IS AN EMPLOYER THAT REFUSES TO HIRE AND OTHERWISE DISCRIMINATES AGAINST INDIVIDUALS BECAUSE OF THEIR AGE

Under the ADEA, it is unlawful for an employer such as Defendant "to fail or refuse to hire or to discharge *any individual* or otherwise discriminate against *any individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such *individual*'s age…" (emphasis added). 29 U.S.C. § 623 (a)(1). Defendant does just that in administering and enforcing its egregiously discriminatory employment examinations on behalf of the State of California as a condition of becoming one of Defendant's members and attorney employees. One need not expend significant effort perusing Defendant's attorney employment opportunities, and those of the State of California and countless other employers to determine that Defendant limits such opportunities to its own members, many of which permit remote "telework" from jurisdictions including Massachusetts.[2]

Defendant misconstrues and misapplies *Lopez v. Massachusetts*, 588 F.3d 69 (1st Cir. 2009), which concerned the optional use of a Massachusetts state civil service examination by local and municipal police departments in determining promotional opportunities for their own employees. *Lopez*, 588 F.3d 73-75. The key issue in *Lopez* was whether the Commonwealth of Massachusetts was acting in the role of an "employer" of a plaintiff employee of local/municipal

---

[2] See https://www.calbar.ca.gov/About-Us/Careers

police departments, for purposes of a provision of Title VII, by administering an examination that allegedly had a discriminatory disparate impact. *Lopez*, 588 F.3d 74. Not agreeing with plaintiffs' assertions that the Commonwealth was acting as plaintiffs' employer, the court further rejected a purported "interference theory" that any entity could be held liable under Title VII by operation alone of interfering with an employee's privileges of employment. *Lopez*, 588 F.3d 88.

Plaintiff has never asserted that he was Defendant's employee, while none of the acts and applicable statutory provisions raised in Plaintiff's Complaint necessarily involve or require circumstances of an employer discriminating against their own or others' employees. Defendant, as an employer, denies complete access by a protected class of individuals to Defendant's own employment opportunities and those of Defendant's fellow employers, which has been held to be unlawful under the applicable statutes and case law, including under the First Circuit.

In *Puntolillo v. New Hampshire Racing Commission*, 390 F. Supp. 231 (D.N.H. 1975), for example, which remains valid law under the First Circuit, a defendant employer/licensor was found liable for discrimination under Title VII because it operated a place of employment (horse racing track) for individuals seeking a state-wide license that was a prerequisite to racing on the defendant's track. Similarly, in *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507, 521 (D. Mass. 1974), both the City of Boston (as a "political subdivision of Massachusetts") and the Massachusetts Division of Civil Service were enjoined from further discriminating against "any applicant or *potential applicant*" (emphasis added) of the Boston Fire Department or other Massachusetts fire departments subject to the Civil Service law's requirements for employment as a firefighter. Neither of these cases or applicable laws required that the plaintiff individuals be established as "employees" of the respective defendants, but were premised on longstanding

precedent that an employer (or agent or "political subdivision" of an employer) such as Defendant cannot deny access to their own and other employers' comparable employment opportunities arbitrarily based on a protected classification.

In *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570 (2004), cited by *Lopez* at 86, the defendant Ports Authority did not employ river boat pilots it licensed and regulated, in clear contrast to Defendant State Bar, which both regulates *and* employs numerous attorneys directly based on its discriminatory employment examinations. Further, U.S. Supreme Court cases such as *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318 (1992), cited by *Lopez* at 84, turned on laws and circumstances where "employee" rights were explicitly raised and allegedly infringed upon, and thus necessitated that the Court analyze whether a particular plaintiff was an "employee" of the respective defendant.[3] Even the Ninth Circuit's decision in *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572 (9th Cir.2000), cited by and rejected by *Lopez* at 88, there were no clear facts establishing that a California state credentialing commission employed local public school teachers, in clear contrast to Defendant's employment of its attorney members.

Plaintiff was and is a "potential applicant" to Defendant and other comparable employers' attorney employment opportunities, while Defendant renders qualification all but impossible based on Plaintiff's protected age category. There is simply no necessity by this Court or other courts, under the applicable laws and facts in *this* Case, to delve into the question of whether Plaintiff was ever Defendant's employee, *de facto* or otherwise.

---

[3] In *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318 (1992), the Employee Retirement Income Security Act (ERISA) was implicated and the case hinged on whether the plaintiff had been an "employee" of the defendant and entitled to employee benefits as defined under ERISA.

### III. DEFENDANT IS A LABOR ORGANIZATION AND EMPLOYMENT AGENCY AS DEFINED UNDER THE ADEA

Defendant establishes, negotiates, and enforces workplace rules for its members, including rules of conduct between its employee members and their clients and employers, such as reporting of complaints, sharing fees, and charging clients, among other rules.[4] Defendant frequently negotiates terms of employment that significantly depart from the ABA Model Rules of Professional Conduct, departures that are not intended to protect the public, but to benefit its members at the expense of the public.[5] Defendant is an "organization of any kind, any agency… which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment" pursuant to 29 U.S. Code § 630 (d).

Defendant also operates to control and profit from employment referrals for its members, and enforces its referral fee marshaling operation against entities which fail to pay Defendant's fees.[6] Defendant thereby operates as an "employment agency" that engages "regularly [in an] undertaking with or without compensation to procure employees for an employer and includes an agent of such a person" pursuant to 29 U.S. Code § 630 (c).

### CONCLUSION

Defendant is an employer, labor organization, and employment agency under the ADEA that egregiously discriminates against prospective employees based on age.

---

[4] See Defendant's "Rules of Professional Conduct," available at https://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Current-Rules

[5] Compare, e.g., ABA Model Rules of Professional Conduct Rule 1.5 (e) with Defendant's Rule 1.5.1, permitting its attorney members to receive split fees without engaging in work on a matter.

[6] See *State Bar of California v. LegalMatch.com*, SF Superior Court, Case No. CGC-20-584278, filed May 4, 2020.

- 6 -

Respectfully submitted this 25[h] day of June, 2025.

                               /s/ Matthew Flinders
                               _____
                               Matthew Flinders
                               Plaintiff Pro Se
                               552 Victory Rd., N509
                               Quincy, MA  02171
                               Telephone:  617-699-3068
                               Email: mflinders@hotmail.com


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on June 25, 2025.

                               /s/ Matthew Flinders
                               _____
                               Matthew Flinders