UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MATTHEW FLINDERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:24-cv-12919-JEK |
| STATE BAR OF CALIFORNIA, | ) ) ) | |
| Defendant. | ) ) ) | |

# MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**KOBICK, J.**

*Pro se* plaintiff Matthew Flinders filed this action against the State Bar of California in November 2024 alleging that its administration and scoring of the California Bar Exam discriminated against him based on his age. Flinders has brought similar unsuccessful lawsuits against the State Bar in state and federal court concerning his failure to pass the California Bar Exam in July 2019 and February 2020. Pending before the Court is the State Bar's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim. For the reasons that follow, the motion to dismiss will be granted. The *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over this lawsuit because the complaint, in effect, improperly asks the Court to reconsider the judgments of the California Superior Court and the California Supreme Court. In two prior actions, those courts rejected Flinders' substantially similar claims alleging that the State Bar's examination procedures discriminated against him on the basis of age.

## BACKGROUND

The Court recounts the facts based on the allegations in the complaint and matters of public record, including documents from Flinders' previous actions in state and federal court. *See Giragosian v. Ryan*, 547 F.3d 59, 66 (1st Cir. 2008).

**I.    Factual Background.**

Flinders is a patent attorney in his mid-fifties licensed to practice law in Massachusetts. ECF 1, ¶¶ 10, 17. In 2018, an intellectual property law firm in California offered him a job conditioned on his admission to the State Bar of California. *Id.* ¶ 17. He took the California Bar Exam in July 2019 and February 2020 but did not pass either time. *Id.* ¶¶ 16, 19-20. As a result, the California law firm terminated his employment. *Id.* ¶ 23.

He then requested and reviewed records from the State Bar for those two exams. *Id.* ¶ 25. In his telling, the records reveal that the exams "were scored in a manner that overwhelmingly favors passage of younger test takers over older test takers." *Id.* ¶ 3; *see* ECF 1-3, 1-4. The State Bar's administration and scoring of those exams, as a result, allegedly had a disparate impact on examinees, like Flinders, who were over forty years old. ECF 1, ¶¶ 16, 22, 25. He claims that the State Bar has misrepresented how it scored and scaled the exams because, based on his analysis, that scoring "is not statistically possible." *Id.* ¶¶ 29-30. According to Flinders, the essays from those two exams "were scored utilizing an arbitrary and unreasonable measure of manual dexterity that overwhelmingly favored younger examinees over older examinees." *Id.* ¶ 31.

The State Bar subsequently implemented two new programs that, in Flinders' view, also discriminate against older examinees. *See id.* ¶¶ 34-37. Established in February 2021, the "Cut Score Program" altered the requisite passing score for examinees, including those who took the

July 2019 and February 2020 Bar Exams. *Id.* ¶ 34. The "New Graduate Program," started in November 2020, allowed provisional licensure for certain new law school graduates. *Id.* ¶ 36.

## II. Procedural History.

Before filing this lawsuit, Flinders brought several other lawsuits concerning his July 2019 and February 2020 Bar Exams.

First, in April 2022, Flinders filed a complaint in California Superior Court against the State Bar and others, making virtually identical allegations concerning the Bar's alleged discrimination on the basis of age. *See* ECF 20-1, ¶¶ 9-36. Asserting seven common law claims, he alleged that the State Bar administered the July 2019 and February 2020 exams in a way that arbitrarily disadvantaged and discriminated against test takers over forty. *Id.* ¶¶ 10, 16, 37-73. The Superior Court dismissed the case in September 2022 for lack of subject matter jurisdiction, because the California Supreme Court has sole original jurisdiction over the attorney admission process and Flinders' claims arose out of that process. ECF 20-2, at 5-7, 14. The Superior Court also concluded, in the alternative, that Flinders' claims were foreclosed by the doctrines of judicial and legislative immunity and by the immunity conferred by the Government Claims Act, Cal. Gov. Code § 810 *et seq*. *Id.* at 7-10. In so holding, the Superior Court rejected Flinders' argument that the judicial and legislative immunity doctrines do not apply to claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940 and 12944; it reasoned that Flinders had not asserted claims under the ADEA and FEHA, but that even if he had, such claims would fail because he did not allege that he was employed by the State Bar. *Id.* at 8.

The California Court of Appeal affirmed the dismissal in December 2023. *See Flinders v. State Bar of California*, No. H050562, 2023 WL 8537342, at *4, 7, 16 (Cal. Ct. App. Dec. 11,

3

2023). It agreed that the Superior Court lacked subject matter jurisdiction in light of the California Supreme Court's plenary jurisdiction over the attorney admissions process. *Id.* at *6-7. "When an unsuccessful applicant, like Flinders, seeks to challenge the State Bar's examination methods and certification recommendations regarding attorney admissions," the Court of Appeal explained, "such a challenge must be made directly by petition to the [California] Supreme Court." *Id.* at *7. The Court of Appeal also held, in the alternative, that the defendants were immune from liability on Flinders' claims. *Id.* at *7-11. In so holding, it rejected Flinders' argument that because the defendants were subject to a "mandatory duty" under the ADEA and FEHA to refrain from establishing discriminatory employment and licensing exams, the Government Claims Act does not confer immunity. *Id.* The Court of Appeal further explained that, by its terms, the provision of FEHA upon which Flinders relied did not apply to the State Bar. *Id.* at *10.

Second, in July 2022, three months after filing suit in Superior Court, Flinders made substantively similar allegations in a lawsuit against the State Bar in the U.S. District Court for the Northern District of California. *See* ECF 20-3, ¶¶ 12-35. In that federal case, Flinders asserted seven claims of age discrimination under the ADEA and FEHA. *Id.* ¶¶ 36-64. He later represented to the California courts that his federal lawsuit arose "'from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact'" as his Superior Court action. *Flinders*, 2023 WL 8537342, at *5. In December 2022, the federal court dismissed the case for lack of subject matter jurisdiction because Flinders had not yet petitioned the California Supreme Court for review of the denial of his admission to the bar. *Flinders v. State Bar of California*, No. 22-cv-4072-VKD, 2022 WL 17419552, at *4-7 (N.D. Cal. Dec. 5, 2022). The Ninth Circuit affirmed the dismissal in February

4

2024 on the ground that the State Bar was entitled to immunity under the Eleventh Amendment. *Flinders v. State Bar of California*, No. 22-17014, 2024 WL 398430, at *1 (9th Cir. Feb. 2, 2024).

Third, in September 2023, while his appeals were pending in state and federal court, Flinders filed a petition for a writ of mandate challenging the State Bar's decision not to certify him for admission. ECF 20-4. His petition again asserted that the California Bar Exam "disparately denie[s] licensure to older applicants." *Id.* at 3b. The California Supreme Court denied the petition the following month. ECF 20-6. In January 2024, Flinders sought certiorari in the United States Supreme Court, contending, among other things, that the State Bar's denial of admission based on age violated his rights under the Fourteenth Amendment Equal Protection, Due Process, and Privileges or Immunities Clauses. ECF 20-7. The Supreme Court denied his petition for certiorari in February 2024. ECF 20-8; *Flinders v. State Bar of California*, 144 S. Ct. 826 (2024).

In November 2024, Flinders initiated this action. His complaint in this Court asserts claims of age discrimination under the ADEA, 29 U.S.C. § 623 (Counts I, II, and III); the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, § 4 (Count IV); and the FEHA, Cal. Gov. Code §§ 12944(a) and (c) (Count VIII). *Id.* ¶¶ 41-56, 66-70. It also alleges under 42 U.S.C. § 1983 that the State Bar's age discrimination violates his rights under the Fourteenth Amendment's Equal Protection Clause (Count V), Due Process Clause (Count VI), and Privileges or Immunities Clause (Count VII). *Id.* ¶¶ 57-65. The State Bar moved to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(3) and (b)(6), respectively. ECF 20. Following full briefing and a hearing, the Court took the motion under advisement. ECF 36.

## DISCUSSION

When considering a motion to dismiss that raises multiple grounds for dismissal, the Court ordinarily "resolves doubts about its jurisdiction over the subject matter" before addressing personal jurisdiction or the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 583 (1999). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quotation marks omitted). In evaluating a motion to dismiss under Rule 12(b)(1), the Court must credit the "'plaintiff's well-pled factual allegations and dra[w] all reasonable inferences in the plaintiff's favor.'" *Andersen v. Vagaro, Inc.*, 57 F.4th 11, 13 (1st Cir. 2023) (quoting *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)). The Court may also consider jurisdictional evidence submitted by the parties and matters subject to judicial notice. *See Martínez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 74 (1st Cir. 2016).

The State Bar argues that the *Rooker-Feldman* doctrine precludes this Court's exercise of subject matter jurisdiction because Flinders effectively asks the Court to overturn the decisions of the California Superior Court, as affirmed by California Court of Appeal, and of the California Supreme Court. In recognition of the United States Supreme Court's exclusive jurisdiction under 28 U.S.C. § 1257 over appeals from final state court judgments, the *Rooker-Feldman* doctrine prohibits federal district courts from exercising jurisdiction over "certain cases brought by parties who have lost in state court." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64 (1st Cir. 2018); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Specifically, this Court "lack[s] jurisdiction to consider 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"

*Efreom v. McKee*, 46 F.4th 9, 17 (1st Cir. 2022) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In one of the doctrine's eponymous cases, *District of Columbia Court of Appeals v. Feldman*, the Supreme Court addressed a federal court's authority to entertain a suit involving state bar admission rules previously addressed by a state court. The plaintiffs in that case had challenged the validity of a rule of the District of Columbia Court of Appeals requiring graduation from an American Bar Association-approved law school before an individual could sit for the D.C. Bar Exam. *Feldman*, 460 U.S. at 464-65. After the D.C. Court of Appeals rejected the plaintiffs' petitions to waive this graduation requirement, they filed suit in federal district court challenging the rule. *Id.* at 465-73. The Supreme Court explained that the federal district court lacked jurisdiction to reconsider the D.C. Court of Appeals' denial of the plaintiffs' waiver petitions. *Id.* at 482, 486-87. While federal district courts "have subject matter jurisdiction over *general* challenges to state bar rules" that "do not require review of a final state court judgment in a *particular* case," the Supreme Court elaborated, 28 U.S.C. § 1257 bars federal district court jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* at 486 (emphases added). The Supreme Court has since reiterated that a rule or procedure of a state bar exam can be challenged in federal court "so long as plaintiffs d[o] not seek review of the [rule's or procedure's] application in a particular case." *Exxon Mobil*, 544 U.S. at 286.

Flinders concedes that, under the *Rooker-Feldman* doctrine, this Court cannot overturn the California Supreme Court's denial of his application for admission to the California Bar. Nevertheless, he contends that this action "constitutes a 'general attack' on the rules for admission to" the California Bar rather than a challenge to the application of those rules in his particular case.

7

ECF 24, at 11. His complaint belies this contention. Its allegations highlight Flinders' personal circumstances and focus almost exclusively on the California Bar Exams administered in July 2019 and February 2020, which Flinders took. These details "hardly would have been necessary if the district court were being asked only to 'assess the validity' of the rule in its general application"; instead, the allegations suggest that Flinders is challenging the unlawful practices to which he was allegedly subject in those exams. *Stern v. Nix*, 840 F.2d 208, 212-13 (3d Cir. 1988) (applying *Rooker-Feldman* doctrine because plaintiff sought review of state court judgment disbarring him instead of generally challenging state court disbarment rule); *Trapp v. Sanders*, 211 F.3d 1275 (9th Cir. 2000) (Table) (same where plaintiff "attack[ed] the process that he received and the unfavorable result" that denied his admission to the Washington State Bar). In addition, Flinders' demand for relief seeks an "[a]ward of back pay and benefits, including salary increases, commissions, bonuses, vacation pay, health insurance, and job search costs, with interest on the same running until the date of final judgment is entered *for him*." ECF 1, at 16 (emphasis added). This requested relief is "obviously barred by the *Rooker-Feldman* principle" because it would require the Court to conclude that Flinders was eligible for admission to the California Bar and thus reject the judgments of both the California Superior Court and California Supreme Court. *Wilson v. Shumway*, 264 F.3d 120, 125 (1st Cir. 2001).

Nor do Flinders' demands for a declaration that the State Bar's practices violate the ADEA, Chapter 151B, the FEHA, and the Fourteenth Amendment, as well as an injunction that would prevent the State Bar "from engaging in such unlawful employment practices," insulate this lawsuit from the *Rooker-Feldman* jurisdictional bar. ECF 1, at 16. With the exception of Flinders' Chapter 151B claim, each of his claims or theories were raised and rejected in the lawsuits originally filed in the California courts. The California Superior Court noted that "[t]he gravamen

of [Flinders'] action is that [the] State Bar" and others "discriminated against him based on his age in violation of the" ADEA and FEHA. ECF 20-2, at 1-2. In affirming that decision, the California Court of Appeal likewise explained why, contrary to Flinders' contention, the FEHA and ADEA did not impose the mandatory duties on the State Bar to refrain from establishing discriminatory employment and licensing exams. *See Flinders*, 2023 WL 8537342, at *7-11. And Flinders himself represented to the California courts that his later-filed federal lawsuit arose "'from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact'" as his Superior Court action, "including the State Bar's 'liability under federal and state employment discrimination laws.'" *Id.* at *5-6.

In addition, the California Supreme Court separately denied Flinders' petition for a writ of mandate. ECF 20-6. That decision rejected Flinders' assertion that the California Bar Exams in July 2019 and February 2020 "egregiously discriminated against a protected class" by "disparately den[ying] licensure to older applicants" and "progressively favor[ing] applicants of younger ages." ECF 20-4, at 2, 6; *see Dixon v. State Bar of California*, 32 F. App'x 355, 356 (9th Cir. 2002) (applying *Rooker-Feldman* where disbarred plaintiff "presented her federal constitutional claims to the California Supreme Court, whose denial of her petition was an adjudication of these claims"). And the Supreme Court declined Flinders' invitation to address whether the California Supreme Court's denial of his petition infringed his rights under the Fourteenth Amendment's Equal Protection, Due Process, and Privileges or Immunities Clauses. *See* ECF 20-7, 20-8.

Flinders' assertion of a claim in this action under Chapter 151B, likewise premised on age discrimination, does not save his complaint from dismissal. The First Circuit has made clear that a plaintiff cannot "evade the reach of the *Rooker-Feldman* doctrine by artful pleading," where the plaintiff effectively seeks relief from an injury stemming from the final judgment of a state court.

9

*Klimowicz*, 907 F.3d at 65. Because the "central issue" in both this action and the two state court cases is whether the July 2019 and February 2020 Bar Exams were tainted by age discrimination, the *Rooker-Feldman* jurisdictional bar applies, preventing Flinders from using this lawsuit as "an end-run around [those] final state-court judgment[s]." *Id.* at 65-66. Flinders' "general challeng[e]" to the State Bar's procedures asks this Court to, in effect, review his "particular" state court cases denying him admission. *Feldman*, 460 U.S. at 486. Accordingly, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and Flinders' complaint must be dismissed.

## CONCLUSION AND ORDER

For the foregoing reasons, the State Bar of California's motion to dismiss, ECF 20, is GRANTED. The complaint is DISMISSED for lack of subject matter jurisdiction without leave to amend.

SO ORDERED.

Dated: January 6, 2026

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE